# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,               Chapter 11

      Debtor,

_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN,
and SELECTIVE ADVISORS GROUP, LLC,              Adv. No. 16-01439-AJC

      Plaintiffs,

v.

NLG, LLC,
a Delaware limited liability company,

      Defendant.

_____/

NLG, LLC,

      Counterclaim Plaintiff,

v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Counterclaim Defendants.

_____/

## DEFENDANT AND COUNTER-CLAIM PLAINTIFF NLG, LLC'S THIRD MOTION FOR RULE 9011 SANCTIONS

Defendant and Counter-claim Plaintiff, NLG, LLC ("NLG"), through undersigned

counsel, in accordance with Rule 9011 of the Federal Rules of Bankruptcy Procedure, hereby

moves for sanctions against the Debtor, Liza Hazan (the "Debtor") and her husband's solely-

owned company, Selective Advisors Group, LLC ("Selective"), as well as the Debtor and Selective's respective counsel. In support, NLG states:

1.      On December 1, 2016, NLG served its first Motion for Rule 9011 Sanctions on the Debtor, Selective and their respective counsel demanding that they withdraw their frivolous claims in this action within 21 days. A correct copy of the safe harbor notice and motion is attached as Exhibit 1.

2.      On March 15, 2017, NLG served its second Motion for Rule 9011 Sanctions on the Debtor, Selective and their respective counsel again demanding that they withdraw their frivolous claims in this action within 21 days. A correct copy of the safe harbor notice and motion is attached as Exhibit 2.

3.      NLG incorporates by reference, as if fully rewritten herein, the Motions for Rule 9011 Sanctions attached as Exhibits 1 and 2.

4.      The Debtor, Selective and their respective counsel continue to prosecute knowingly frivolous claims as well as make false and offensive allegations against and about NLG's counsel, Mr. Juan Ramirez, and NLG's principal Mr. Chris Kosachuk, which they knew or should have known were not supported by the material facts or applicable law.

## CONCLUSION

This is a textbook case for the imposition of Rule 9011 sanctions. For all of the foregoing reasons and the reasons set forth herein, in NLG's Attached Motions for Rule 9011 Sanctions, incorporated herein, the Court should enter an order (i) striking the false and offensive allegations referenced above and set forth in detail in NLG's Motions, (ii) dismiss with prejudice the Adversary Proceeding and  (iii) enter monetary sanctions against the Debtor, Selective and their respective counsel, jointly and severally, for the reasonable attorney's fees incurred by

NLG in defending Selective's Complaint, the Amended Complaint, the Second Amended Complaint, the Third Amended Complaint, the Debtor's Motions, in prosecuting NLG's Motions and the instant motion, and in otherwise litigating the issues raised in this adversary proceeding.

WHEREFORE, NLG respectfully requests that the Court grant the relief requested herein, dismiss the Third Amended Complaint with prejudice, enter monetary sanctions against the Debtor, Selective and their respective counsel, jointly and severally and such other and further relief that the Court deems appropriate.

Served (but not filed) on this 15th day of May, 2017.

Respectfully submitted,

/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com
*Attorneys for NLG, LLC*

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via U.S. mail or email to the parties on the attached service list as indicated on this 15th day of May, 2017.

/s/ Astrid E. Gabbe

The Law Office of Astrid E. Gabbe, P.A.

Florida Bar No. 635383

P.O. Box 4216

Hollywood, FL 33083

Tel. (954) 303-9882

Fax. (954) 983-1427

astridgabbe@gmail.com

*Attorneys for NLG, LLC*

## SERVICE LIST

**Via Email**

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com; mg197ecfbox@gmail.com;sleary@msglaw.com

David W. Langley on behalf of Plaintiff and Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

**Via U.S. Mail**

Selective Advisors Group, LLC
c/o Marshall Socarras Grant, P.L.
197 S. Federal Highway
Suite 200
Boca Raton, FL 33432

**From**: Friedman, Michael
**Sent**: Thursday, December 01, 2016 2:54 PM
**To**: 'jgrant@msglaw.com'; 'dave@flalawyer.com'
**Cc**: 'efile@msglaw.com'; 'mg197ecfbox@gmail.com'; 'sleary@msglaw.com'; 'emily@flalawyer.com';
'monica@flalawyer.com'; Moses, Glenn; Kelly, Elizabeth
**Subject**: Selective et al. v. NLG, Adv. No. 16-01439-AJC, Service of Motion for Rule 9011 Sanctions

Counsel:

As you know this law firm represents NLG, LLC, the Defendant and Counter-plaintiff in the above
referenced adversary proceeding. Attached please find a copy of NLG's Motion for Rule 9011 Sanctions,
which is being served upon you in accordance with Bankruptcy Rules 9011 and 7005. The Motion is
directed against both of you and your respective clients. If Selective and the Debtor do not withdraw
their frivolous claims within 21 days, we will file the Motion for Rule 9011 Sanctions with the Court.

Sincerely,



**Michael Friedman**
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Main 305.349.2300
Direct 305.372.2495
Fax 305.428.8878
mfriedman@gjb-law.com | www.gjb-law.com

Miami | Fort Lauderdale

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,              Chapter 11

      Debtor,
_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN,
and SELECTIVE ADVISORS GROUP, LLC,            Adv. No. 16-01439-AJC

      Plaintiffs,

v.

NLG, LLC,
a Delaware limited liability company,

      Defendant.
_____/

NLG, LLC,

      Counterclaim Plaintiff,

v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Counterclaim Defendants.
_____/

**NLG, LLC'S MOTION FOR RULE 9011 SANCTIONS**

    Defendant and Counterclaim Plaintiff, NLG, LLC ("NLG"), through undersigned

counsel, in accordance with Rule 9011 of the Federal Rules of Bankruptcy Procedure, hereby

moves for sanctions against the Debtor, Liza Hazan (the "Debtor"), her husband's solely-owned

1

**EXHIBIT 1**

company, Selective Advisors Group, LLC ("Selective"), and the Debtor and Selective's respective counsel. In support, NLG states:

## BACKGROUND

1.      On December 4, 2015, shortly before the Debtor filed this bankruptcy case, Miami-Dade Circuit Judge Monica Gordo entered a Final Judgment of Foreclosure in NLG's favor (the "Foreclosure Judgment") in the case of *NLG, LLC v. Elizabeth Hazan, et al.*, Case No. 11-42770-CA 02 (the "Foreclosure Action"). Under the Foreclosure Judgment, NLG "holds a lien for the grand total sum [of $4,876,654.29]" in the Debtor's residence located at 6913 Valencia Drive, Fisher Island, Florida 33109 (the "Property"), which "is superior in dignity to any right, title, interest or claim of the" Debtor. [ECF 6 p. 68]. The Foreclosure Judgment is final and non-appealable as to the Debtor and Selective.

2.      On August 21, 2016, Selective filed this adversary proceeding, asserting claims to determine the validity, priority and extent of NLG's lien in the Property and to avoid such lien under an unspecified subsection of 11 U.S.C. § 544. [ECF 1].

3.      On October 20, 2016, NLG filed its Answer and Counterclaim, seeking a determination of the validity, priority and extent of its lien (which is secured by the Property) and demonstrating, *inter alia*, that the relief sought in Selective's Complaint is barred by the Foreclosure Judgment.

4.      On October 21, 2016, the Debtor and Selective filed their Amended Complaint against NLG, adding the Debtor as a plaintiff and adding a claim to quiet title to the Property in the Debtor's favor. [ECF 8].

5.      On November 8, 2016, the Debtor and Selective filed a Motion to Dismiss Count I of NLG's Counterclaim and Motion for Judgment on the Pleadings as to Count II [ECF 11] (the

EXHIBIT 1

"Debtor's Motion"), seeking (a) to dismiss Count I of NLG's Counterclaim (which seeks a determination of the extent, validity and priority of NLG's lien) as supposedly redundant to the relief sought in the Amended Complaint and (b) judgment on the pleadings as to Count II of the Counterclaim (which seeks an order deeming NLG's Proof of Claim timely-filed).

6.      At bottom, in the Amended Complaint and the Debtor's Motion, the Debtor and Selective ask the Court to order that NLG can "no longer foreclose on [its] mortgage and therefore has no claim to allow in this case." [ECF 11 p. 3].

7.      As explained in NLG's (A) Motion for Summary Judgment and (B) Response, Motion to Strike and for Sanctions as to the Debtor and Selective's Amended Complaint and Motion to Dismiss and for Judgment on the Pleadings filed in this adversary proceeding on December 1, 2016 [ECF 23] ("NLG's Motion"), all of the relief that the Debtor and Selective seek in this case, through their Amended Complaint, the Debtor's Motion and otherwise, is indisputably barred as a matter of law based on the state court Foreclosure Judgment. NLG hereby incorporates all statements of fact and legal argument in NLG's Motion as though fully set forth herein.

8.      As explained in NLG's Motion, the specific arguments that the Debtor and Selective advance in this case were squarely rejected in the Foreclosure Action. *See* NLG's Motion pp. 5-9. Further, even if those arguments had not been actually litigated and resolved in NLG's favor in the Foreclosure Action, the Debtor and Selective would still be barred from raising those issues here under the doctrine of res judicata. *Id.* at 11-13. All of the Debtor and Selective's ancillary arguments in support of their collateral attack on the Foreclosure Judgment (*e.g.*, the Debtor's claim under Section 544 of the Bankruptcy Code and her arguments

3

EXHIBIT 1

concerning NLG's standing) are likewise legally and factually meritless in the face of the Foreclosure Judgment for the reasons fully discussed in NLG's Motion. *Id.* at 17-19.

9.      Additionally, as discussed in the Motion to Strike incorporated in NLG's Motion, the Debtor and Selective have knowingly included numerous factual representations in the Amended Complaint and in the Debtor's Motion that are demonstrably false. *Id.* at 19-24. These include scurrilous and false allegations of fraud leveled against NLG's state court counsel in the Foreclosure Action, even though these same claims were presented to, and rejected by, the very state court judges that were supposedly defrauded. *Id.* at 20-21. Incredibly, the Debtor and Selective attempt to mislead this Court by citing cherry-picked portions of the very same hearing transcript that confirms that NLG's state court counsel did *not* mislead the state court, while depriving this Court of a full copy of the hearing transcript. *Id.*

10.      Similarly, the Debtor and Selective make false and misleading representations in their pleading and the Debtor's Motion concerning the validity of a state court judgment against NLG (referenced in NLG's Motion as the "Sham New York Judgment"), which Selective claims to have obtained through an assignment. Specifically, the Debtor and Selective represent to the Court that the judgment's validity is demonstrated by the fact that NLG never obtained an order vacating it. Yet the Debtor and Selective know full well that the reason the judgment has not been vacated is because of their underhanded efforts to prevent NLG from obtaining that relief from the New York state court that issued the judgment, including Selective's filing of a voluntary satisfaction of the Sham New York Judgment, as Judge Gordo explained in her Order Granting Foreclosure in the Foreclosure Action. *Id.* at 21-25.

11.      In sum, the Debtor and Selective's claims in this case are premised on falsehoods designed to mislead and hide the truth from this Court. And even if every misrepresentation by

EXHIBIT 1

the Debtor and Selective in this case were true (which they are not), the relief they are seeking

would *still* plainly be barred as a matter of law under the Foreclosure Judgment.

## RELIEF REQUESTED AND BASIS FOR RELIEF

Federal Rule of Bankruptcy Procedure 9011 states, in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
>        ***
>
> (c) Sanctions
>
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011.

Like Rule 11, Rule 9011 "requires district courts to sanction attorneys and the parties

they are representing when they prosecute baseless claims." *Pelletier v. Zweifel*, 921 F.2d 1465,

EXHIBIT 1

1469 (11th Cir. 1991).[1] "When ruling on a motion for sanctions pursuant to Fed. R. Civ. P. 11, the Court performs a two-part inquiry: (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleading should have been aware that they were frivolous." *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001)). An objectively frivolous claim is one which (a) has no reasonable factual basis, (b) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or (c) is advanced in bad faith or for an improper purpose. *Id.* "[T]he second test focuses on whether the lawyer should have been aware that the claims were frivolous; 'that is, whether he would have been aware had he made a reasonable inquiry.'" *Id.* (citing *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692 (11th Cir. 1995)). "Rule 11 sanctions are mandatory when an attorney fails to make reasonable efforts to ensure that the signed pleading is well grounded in fact." *Hillsborough Cnty. v. A & E Rd. Oiling Serv., Inc.*, 160 F.R.D. 655, 659 (M.D. Fla. 1995) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988)); *see also Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1296 (S.D. Fla. 2007) (sanctioning counsel for failing to independently investigate fact claims). "Typically, sanctions are levied against a client when he misrepresents facts in the pleadings." *Byrne*, 261 F.3d at 1118.

Rule 9011 sanctions are clearly warranted in this case. As explained in NLG's Motion, under no set of facts could the Debtor or Selective possibly prevail in this action in the face of the state court's Foreclosure Judgment, because res judicata and the *Rooker-Feldman* doctrine

---

[1] "Federal Rule of Bankruptcy Procedure 9011 is the equivalent of Federal Rule of Civil Procedure 11. Therefore, case law interpreting Rule 11 may be use to interpret Bankruptcy Rule 9011." *In re Cummings*, 381 B.R. 810, 836 (S.D. Fla. 2007) (citing *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995)); *In re Kirk-Murphy Holding, Inc.*, 313 B.R. 918, 921 (Bankr. N.D. Fla. 2004) ("the Eleventh Circuit has made it clear that courts should look to case law that interprets the standards under Rule 11 when applying and analyzing Bankruptcy Rule 9011").

EXHIBIT 1

bar all attempts by the Debtor and Selective to challenge NLG's lien on the Property. *See* NLG's Motion at pp. 11-17.[2] These doctrines are well settled and there is no nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law that could overcome the Foreclosure Judgment in this context. Indeed, as explained in NLG's Motion, "a litany of Florida cases" have "applie[d] *Rooker-Feldman* to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments," precisely as the Debtor and Selective are doing here. *Flournoy v. Gov't Nat'l Mortg. Ass'n*, 156 F. Supp. 3d 1375, 1379 (S.D. Fla. 2016) (dismissing claim seeking to quiet title based in part on allegation that defendant separated note from mortgage and stating that "Plaintiff's sole contention in actuality is that the state court improperly granted the foreclosure judgment, which brings her claims squarely within the ambit of the *Rooker-Feldman* doctrine."). No reasonable inquiry could plausibly lead the Debtor, Selective or their counsel to conclude that their instant claims have a reasonable chance of success, and sanctions under Rule 9011 are therefore warranted.

Further, there is no reasonable factual basis for the positions that the Debtor and Selective have taken in this case. For example, the Debtor and Selective claim that NLG's state court counsel committed fraud on the state court, but the hearing transcript on which they rely for that argument demonstrates that their argument is baseless. *See* NLG's Motion pp. 13-16. The Debtor and Selective also represent to this Court that the Sham New York Judgment was never vacated and suggest that this demonstrates the bona fides of the Assignment Order (as defined in NLG's Motion). Yet the Debtor and Selective know that, in fact, the Sham New York Judgment was obtained without due process to NLG, because the Judge Gordo found and concluded as much in her Order Granting Foreclosure. *Id.* at 6. Further, Debtor and Selective's suggestion that the

---

[2] Collateral estoppel also bars the Debtor and Selective's arguments based on the Assignment Order because those arguments were actually litigated and resolved in the Foreclosure Action.

EXHIBIT 1

Sham New York Judgment is legitimate because NLG has not vacated it intentionally omits and obfuscates the fact that Selective and the Debtor went to great and underhanded lengths to prevent NLG from being heard with respect to that issue in New York state court. *Id.* at 21-25.

## CONCLUSION

This is a textbook case for the imposition of Rule 9011 sanctions. For all of the foregoing reasons and the reasons set forth in NLG's Motion, incorporated herein, the Court should enter an order (i) striking the false and offensive allegations referenced above and set forth in detail in NLG's Motion and (ii) enter monetary sanctions against the Debtor, Selective and their respective counsel, jointly and severally, in an amount equal to the reasonable attorney's fees and costs NLG has incurred in defending Selective's Complaint, the Amended Complaint, the Debtor's Motion, in prosecuting NLG's Motion and the instant motion, and in otherwise litigating the issues raised in this adversary proceeding.

**WHEREFORE**, NLG respectfully requests that the Court grant the relief requested herein and such other and further relief that the Court deems appropriate.

Served but not filed on this 1<u>st</u> day of December, 2016.

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel for Defendant and*
*Counterclaim Plaintiff NLG, LLC*
100 SE 2nd Street, 44th Floor
Miami, FL 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By: /s/ Michael Friedman
    Glenn D. Moses, Esq. (FBN 174556)
    gmoses@gjb-law.com
    Michael A. Friedman, Esq. (FBN 0071828)
    mfriedman@gjb-law.com

EXHIBIT 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via U.S. mail and/or email to the parties on the attached service list on this $\underline{1}^{st}$ day of December, 2016.

/s/ Michael A. Friedman
Michael A. Friedman, Esq.

## SERVICE LIST

**Via Email**

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com; mg197ecfbox@gmail.com; sleary@msglaw.com

David W. Langley on behalf of Plaintiff and Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com; monica@flalawyer.com

**Via U.S. Mail**

Selective Advisors Group, LLC
c/o Joe M. Grant, Esq.
Marshall Socarras Grant, P.L.
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432

Liza Hazan
c/o David W. Langley
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322

EXHIBIT 1

**From:** Nicholas B. Bangos
**Sent:** Wednesday, March 15, 2017 10:56 PM
**To:** 'David W. Langley'
**Cc:** Joe Grant
**Subject:** RE: Selective et al v. NLG, AP 16-1439

By Email and US Mail:

David and Joe.  Attached please find a copy of my Motion for Rule 9011 Sanctions.  The Motion is directed against both of you and your respective clients based upon the filing of the Third Amended Complaint and prosecution of the Motion for Default. If Selective and the Debtor do not withdraw their frivolous claims within 21 days and refrain from prosecuting the Motion for Default, I will file the Motion for Rule 9011 Sanctions with the Court.

Regards,

Nick

**Nicholas B. Bangos  |  Of Counsel**



| | |
|---|---|
| **Diaz, Reus & Targ, LLP** | |
| **100 SE 2nd Street** | |
| **Suite 3400, Miami Tower** | |
| **Miami, Florida 33131** | |

| | |
|---|---|
| **Office:** | **305.423.4947** |
| **Facsimile:** | **305.375.8050** |
| **Email:** | nbangos@diazreus.com |
| **Web:** | **www.diazreus.com** |

**MIAMI • NEW YORK • CARACAS • SHANGHAI • DUBAI • FRANKFURT • BOGOTA**
**MEXICO CITY • BUENOS AIRES • PANAMA • SANTIAGO • SAO PAULO • IRAQ**

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect)  so that our address record can be corrected. Thank you for your cooperation.

EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                           Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                                Chapter 11

      Debtor,

_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN,
and SELECTIVE ADVISORS GROUP, LLC,                               Adv. No. 16-01439-AJC

      Plaintiffs,

v.

NLG, LLC,
a Delaware limited liability company,

      Defendant.

_____/

NLG, LLC,

      Counterclaim Plaintiff,

v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Counterclaim Defendants.

_____/

## <u>DEFENDANT AND COUNTER-CLAIM PLAINTIFF NLG, LLC'S MOTION FOR RULE 9011 SANCTIONS</u>

Defendant and Counter-claim Plaintiff, NLG, LLC ("NLG"), through undersigned counsel, in accordance with Rule 9011 of the Federal Rules of Bankruptcy Procedure, hereby moves for sanctions against the Debtor, Liza Hazan (the "Debtor") and her husband's solely-

1

EXHIBIT 2

owned company, Selective Advisors Group, LLC ("Selective"), as well as the Debtor and Selective's respective counsel. In support, NLG states:

## BACKGROUND

1.    On December 4, 2015, shortly before the Debtor filed this bankruptcy case, Miami-Dade Circuit Judge Monica Gordo entered a Final Judgment of Foreclosure in NLG's favor (the "Foreclosure Judgment") in the case of *NLG, LLC v. Elizabeth Hazan, et al.*, Case No. 11-42770-CA 02 (the "Foreclosure Action"). Under the Foreclosure Judgment, NLG "holds a lien for the grand total sum [of $4,876,654.29]" in the Debtor's residence located at 6913 Valencia Drive, Fisher Island, Florida 33109 (the "Property"), which "is superior in dignity to any right, title, interest or claim of the" Debtor. [ECF 6 p. 68]. The Foreclosure Judgment is final and non-appealable as to the Debtor and Selective.  On February 3, 2016, the Debtor filed her Notice of Appeal of the Final Judgment of Foreclosure and then dismissed the appeal on April 4, 2016, subsequent to the filing of the Debtor's Chapter 11 case.

2.    On August 21, 2016, Selective, a non-debtor,  filed this adversary proceeding, asserting claims to determine the validity, priority and extent of NLG's lien in the Property and to avoid such lien under an unspecified subsection of 11 U.S.C. § 544. [ECF 1].

3.    On October 20, 2016, NLG filed its Answer and Counterclaim, seeking a determination of the validity, priority and extent of its lien (which is secured by the Property) and explaining, *inter alia*, that the relief sought in Selective's Complaint is barred by the Foreclosure Judgment.

4.    On October 21, 2016, the Debtor and Selective filed their Amended Complaint against NLG, adding the Debtor as a plaintiff and adding a claim to quiet title to the Property in

EXHIBIT 2

the Debtor's favor (a cause of action previously dismissed with prejudice by the Debtor). [ECF 8].

5.      On November 8, 2016, the Debtor and Selective filed a Motion to Dismiss Count I of NLG's Counterclaim and Motion for Judgment on the Pleadings as to Count II [ECF 11] (the "Debtor's Motion"), seeking (a) to dismiss Count I of NLG's Counterclaim (which seeks a determination of the extent, validity and priority of NLG's lien) as supposedly redundant to the relief sought in the Amended Complaint and (b) judgment on the pleadings as to Count II of the Counterclaim (which seeks an order deeming NLG's Proof of Claim timely-filed).

6.      On November 22, 2016, NLG  filed its Answer and Affirmative Defenses to Amended Complaint.  See ECF# 22.  NLG again disputed Selective and the Debtor's respective rights to recover on their claims. NLG also disputed the Court's authority to re-litigate the claims based upon the fact that the Final Judgment of Foreclosure entered by Judge Monica Gordo on December 4, 2015.  That judgment finally and fully adjudicated NLG, Selective and the Debtor's interests in the Valencia Drive Property and determined, among other things,  that NLG's interest was superior to Selective's and the Debtor's purported interests.

7.      On December 1, 2016, NLG filed its Motion for Summary Judgment and Response, Motion to Strike and for Sanctions as to the Debtor and Selective's Amended Complaint and Motion to Dismiss and for Judgment on the Pleadings.   See ECF# 23.  Once again, NLG manifested its intention to dispute the frivolous claims by the Debtor and Selective since they were fully litigated by Judge Gordo and neither the Debtor nor Selective chose to appeal her judgment.

8.      On December 6, 2016, the Debtor filed their Motion for Leave to Amend Complaint.  See ECF#  31.  On December 6, 2016, the Debtor and Selective filed their Second

EXHIBIT 2

Amended Complaint.  See ECF# 32.  The Second Amended Complaint contained the same three (3) claims concerning the parties' respective interests in the Valencia Drive Property but added a fourth claim "for damages" against Christopher Kosachuk and NLG.

9.    On December 23, 2016, the Debtor and Selective filed their Second Amended Complaint-Revised.  See ECF# 40.   The Second Amended Complaint-Revised added Count IV (Intentional Tort),  Count V (Defamation), Count VI (Trespass), Count VII (Intentional Interference with Business Relationship), Count  VII (Invasion of Privacy), and Count IX (Intentional Infliction of Emotional Distress).

10.    On January 3, 2017, the Debtor and Selective filed their Third Amended Complaint.  See ECF#  48.  The Third Amended Complaint contained the same nine (9) counts for relief for intentional personal injury torts.

11.    On January 23, 2017, the Court entered its Order Granting Plaintiff's Second Motion for Leave to Amend Complaint and Setting Deadlines.  See ECF#  62. In paragraph one (1) of the order provides:  The Motion is **GRANTED**.  The Third Amended Complaint on File at ECF# 48 is Plaintiff's operative pleading in this case nunc pro tunc to the date that the Third Amended  Complaint was filed."  (Emphasis supplied)

12.    At bottom, in the Third Amended Complaint and the Debtor's Motion, the Debtor and Selective are asking the Court to order that NLG can "no longer foreclose on [its] mortgage and therefore has no claim to allow in this case." [ECF 48 p. 3].  The Debtor is also asking the Court to award her damages for claims that she previously dismissed with prejudice and are otherwise barred by statutes of limitation and the release of an indispensable third party who the Debtor previously released.

EXHIBIT 2

13.    As explained in NLG's (A) Motion for Summary Judgment and (B) Response, Motion to Strike and for Sanctions as to the Debtor and Selective's Amended Complaint and Motion to Dismiss and for Judgment on the Pleadings [ECF 23] ("NLG's Motion"), all of the relief that the Debtor and Selective are seeking in this case in regards to NLG, through their Third Amended Complaint, the Debtor's Motion and otherwise, is indisputably barred as a matter of law based on the state court Foreclosure Judgment.

14.    The specific arguments that the Debtor and Selective are advancing in this case were squarely rejected in the Foreclosure Action. *See* NLG's  Motion pp. 5-9. Further, even if those arguments had not been actually litigated and resolved in NLG's favor in the Foreclosure Action, the Debtor and Selective would still be barred from raising those issues here under the doctrine of res judicata and because it is the "law of the case" in state court because of all the previous state court appeals resolved in NLG's favor. *Id.* at 11-13. All of the Debtor and Selective's ancillary arguments in support of their collateral attack on the Foreclosure Judgment (*e.g.*, the Debtor's claim under Section 544 of the Bankruptcy Code and her arguments concerning NLG's standing) are likewise legally and factually meritless in the face of the Foreclosure Judgment for the reasons fully discussed in NLG's Motion. *Id.* at 17-19.

15.    Additionally, as discussed in the Motion to Strike incorporated in NLG's Motion, the Debtor and Selective have knowingly included numerous factual representations in the Third Amended Complaint and in the Debtor's Motion that are demonstrably false.  *Id.* at 19-24. These include scurrilous and false allegations of fraud leveled against NLG's state court counsel in the Foreclosure Action, even though these same claims were presented to, and rejected by, the very state court judges that were supposedly defrauded. *Id.* at 20-21. Indeed, the Debtor and Selective attempt to mislead this Court by citing cherry-picked portions of the very same hearing transcript

EXHIBIT 2

that confirms that NLG's state court counsel did *not* mislead the state court, while depriving this Court of a full copy of the hearing transcript. *Id.*

16.    Similarly, the Debtor and Selective make false and misleading representations in their pleading and the Debtor's Motion concerning the validity of a state court judgment against NLG (referenced in NLG's Motion as the "New York Sham Judgment"), which Selective claims to have obtained through an assignment. Specifically, the Debtor and Selective represent to the Court that the judgment's validity is demonstrated by the fact that NLG obtained an order vacating it. Yet the Debtor and Selective know full well that the reason the judgment has not been vacated is because of their underhanded efforts to prevent NLG from obtaining that relief from the New York state court that issued the judgment, as Judge Gordo explained in her Order Granting Foreclosure in the Foreclosure Action. *Id.* at 21-25.

17.    In sum, the Debtor and Selective's claims in this case concerning the priority and existence of their claims are premised on falsehoods designed to mislead and hide the truth from this Court. And even if every misrepresentation by the Debtor and Selective in this case were true (which they are not), the relief they are seeking would *still* plainly be barred as a matter of law under the Foreclosure Judgment.

18.    The impropriety of the Debtor and Selective's efforts is demonstrated by the inclusion of Counts IV-IX of the Third Amended Complaint.  The Debtor and Selective knew that these causes of action are futile, frivolous, are for an improper purpose, filed in bad faith and were already voluntarily dismissed with prejudice by Debtor in 2008.  The purpose of amending the complaint is pure harassment and delay and fraud.

19.    In 2008, the Debtor sued NLG and Mr. Kosachuk in the Circuit Court of Miami Dade County, Florida.   *See **Elizabeth Hazan v. Christopher Kosachuk and NLG, LLC**, Case*

EXHIBIT 2

No. 08-31557 CA (22).  A copy of the Complaint is attached as Exhibit 2.   In the 2008 case, the Debtor asserted several claims against Mr. Kosachuk and NLG, including the same tort claims presently contained in the Third Amended Complaint on which the Debtor is seeking a default: (a) Count II of the 2008 complaint sought damages for trespass (See Exhibit 2 at p.5,  ¶¶'s 22-25); (b) Count IV sought damages for intentional interference with business relationships (See Exhibit 2 at p. 7-9, ¶¶'s 31-37); (c) Count V sought damages for invasion of privacy (See Exhibit 2 at p. 9-10, ¶¶ 39-44); and (d) Count VI sought damages for intentional infliction of emotional distress (See Exhibit 2, at p. 10-12, ¶¶'s 45-52).

20.     On October 29, 2008, the Debtor, Mr. Kosachuk and NLG filed a Stipulation and Order for Dismissal of Complaint With Prejudice.   A copy of the stipulation is attached as Exhibit 2.   It specifically provides that  the parties ". . .hereby stipulate to the dismissal, ***with prejudice***, of all claims and any counterclaims asserted  or ***which may have been asserted*** in this action between these parties. . ."  (Emphasis added).

21.     The claims in Counts IV-IX of the Third Amended Complaint are the exact same claims that were the subject of a dismissal with prejudice nearly nine (9) years ago.   It appears that the author  of these claims in the Third Amended Complaint thought he could simply change a few names and change or blur some dates in order to reassert the same personal injury tort claims, none of which are claims on which the Court has jurisdiction to enter final orders.

22.     It is also clear that author of these claims in the Third Amended Complaint merely copied the language from the Debtor's 2008 Complaint, word-for-word in most instances. This is an egregious and inexcusable act by both the Debtor and, especially her lawyer.

EXHIBIT 2

23.     More troubling is the fact that Hazan voluntarily dismissed with prejudice all claims and claims which "may have been asserted".  Attached as Exhibit 2, is a true and correct copy of the stipulation of dismissal and order for dismissal with prejudice.  Clearly this adversary proceeding cannot continue in the face of the dismissal with prejudice.  The Debtor's attempt to obtain a default on these claims is a clear example of  the  Debtor fraud and  her counsel's complicity in that fraud.

24.     Moreover, in addition to being futile, frivolous and already dismissed with prejudice, the causes of action alleged against NLG are outright false, without any factual support and solely designed at needlessly harassing NLG, clearly an improper purpose.

25.     When the Debtor and her counsel were confronted by Mr. Kosachuk with threats of Rule 9011 sanctions, the Debtor dismissed Mr. Kosachuk from this action.   Under Florida law, there is only vicarious liability for negligence, not intentional torts.  The Third Amended Complaint was drafted to allege that Mr. Kosachuk acted individually and as an agent for NLG when he allegedly committed these acts.   However, when the Debtor and Selective agreed to the dismissal of Mr. Kosachuk, they forfeited their right to pursue NLG for the same claims.  Even if pigs could fly and the Debtor could somehow legally continue to pursue these claims, notwithstanding her agreement to dismiss these claims with prejudice and notwithstanding the obvious statute of limitations impediments, Mr. Kosachuk is an indispensable party to this lawsuit.  Therefore, the intentional personal injury tort claims cannot be asserted by the Debtor against NLG, the supposed master, for alleged acts of an individual that have been waived.

26.     Finally, even though the Debtor's attorney copied the prior complaint's tort claims word-for-word, it is clear from the face of the Third Amended Complaint that several of these claims are barred by the statute of limitations.

EXHIBIT 2

27.     Count V seeks to recover for defamation.  Under Florida law, a cause of action for defamation must be commenced within two (2) years.     The Debtor's allegations include various vague claims of defamation with no specific time frame and specifically allege that the filing of line certificates were acts of defamation.  The last lien certificate upon which the Debtor relies for her claim of defamation was alleged to be filed on August 19, 2014.   This Complaint was filed on January 3, 2017 and the order authorizing its filing specifically states that it relates back to the date of filing of the Third Amended Complaint.[1]   Consequently, this claim is also barred by the statute of limitations.

28.     In Count VI, the Debtor seeks damages for  a trespass that occurred in 2008. Under Florida law, an action for trespass is subject to a four (4) year statute of limitations. Consequently, this claim is also time barred. In Count VIII, the Debtor seeks to recover damages for alleged invasions of privacy. Claims for invasion of privacy are subject to a four (4) year state of limitations.     The acts complained of occurred in 2008. Consequently, these claims are also barred.  It is therefore impossible for the Debtor's counsel to credibly maintain that the prosecution of these claims are sustainable under F.R.B.P. 9011.

## **RELIEF REQUESTED AND BASIS FOR RELIEF**

Federal Rule of Bankruptcy Procedure 9011 states, in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

---

[1] Even if the Debtor could get around the plain language of the order, the initial complaint was filed on August 21, 2016, more than two years later.

EXHIBIT 2

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

\*\*\*

(c) Sanctions

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011.

Like Rule 11, Rule 9011 "requires district courts to sanction attorneys and the parties they are representing when they prosecute baseless claims." *Pelletier v. Zweifel*, 921 F.2d 1465, 1469 (11th Cir. 1991).[2] "When ruling on a motion for sanctions pursuant to Fed. R. Civ. P. 11, the Court performs a two-part inquiry: (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleading should have been aware that they were frivolous." *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001)). An objectively frivolous claim

---

[2] "Federal Rule of Bankruptcy Procedure 9011 is the equivalent of Federal Rule of Civil Procedure 11. Therefore, case law interpreting Rule 11 may be use to interpret Bankruptcy Rule 9011." *In re Cummings*, 381 B.R. 810, 836 (S.D. Fla. 2007) (citing *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995)); *In re Kirk-Murphy Holding, Inc.*, 313 B.R. 918, 921 (Bankr. N.D. Fla. 2004) ("the Eleventh Circuit has made it clear that courts should look to case law that interprets the standards under Rule 11 when applying and analyzing Bankruptcy Rule 9011").

EXHIBIT 2

is one which (a) has no reasonable factual basis, (b) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or (c) is advanced in bad faith or for an improper purpose. *Id.* "[T]he second test focuses on whether the lawyer should have been aware that the claims were frivolous; 'that is, whether he would have been aware had he made a reasonable inquiry.'" *Id.* (citing *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692 (11th Cir. 1995)). "Rule 11 sanctions are mandatory when an attorney fails to make reasonable efforts to ensure that the signed pleading is well grounded in fact." *Hillsborough Cnty. v. A & E Rd. Oiling Serv., Inc.*, 160 F.R.D. 655, 659 (M.D. Fla. 1995) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988)); *see also Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1296 (S.D. Fla. 2007) (sanctioning counsel for failing to independently investigate fact claims). "Typically, sanctions are levied against a client when he misrepresents facts in the pleadings." *Byrne*, 261 F.3d at 1118.

Rule 9011 sanctions are clearly warranted in this case. As explained in NLG's Motion, under no set of facts could the Debtor or Selective possibly prevail in this action in the face of the state court's Foreclosure Judgment, because res judicata and the *Rooker-Feldman* doctrine bar all attempts by the Debtor and Selective to challenge NLG's lien in the Property or assert claims against NLG. *See* NLG's Motion at pp. 11-17.[3] These doctrines are well settled and there is no nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law that could overcome the Foreclosure Judgment in this context. Indeed, as explained in NLG's Motion, "a litany of Florida cases" have "applie[d] *Rooker-Feldman* to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments," precisely as the Debtor and Selective are doing here. *Flournoy v. Gov't Nat'l Mortg. Ass'n*, 156

---

[3] Collateral estoppel also bars the Debtor and Selective's arguments based on the Assignment Order because those arguments were actually litigated and resolved in the Foreclosure Action.

EXHIBIT 2

F. Supp. 3d 1375, 1379 (S.D. Fla. 2016) (dismissing claim seeking to quiet title based in part on allegation that defendant separated note from mortgage and stating that "Plaintiff's sole contention in actuality is that the state court improperly granted the foreclosure judgment, which brings her claims squarely within the ambit of the *Rooker-Feldman* doctrine."). No reasonable inquiry could plausibly lead the Debtor, Selective or their counsel to conclude that their instant claims have a reasonable chance of success, and sanctions under Rule 9011 are therefore warranted.

As explained in this instant motion, under no set of facts could Debtor or Selective possibly prevail in this action in the face of the voluntary dismissal by the Debtor with prejudice of the 2008 Complaint.

Further, there is no reasonable factual basis for the positions that the Debtor and Selective have taken in this case. For example, the Debtor and Selective claim that NLG's state court counsel committed fraud on the state court, but the hearing transcript on which they rely for that argument demonstrates that their argument is factually untrue. *See* NLG's Motion pp. 13-16. The Debtor and Selective also represent to this Court that the Sham New York Judgment was never vacated and suggest that this demonstrates the bona fides of the Assignment Order (as defined in NLG's Motion). Yet the Debtor and Selective know that, in fact, the Sham New York Judgment was obtained without due process to NLG, because the Judge Gordo found and concluded as much in her Order Granting Foreclosure. *Id.* at 6. The Debtor and Selective's suggestion that the Sham New York Judgment is legitimate because NLG has not vacated it intentionally omits and obfuscates the fact that Selective and the Debtor went to great and underhanded lengths to prevent NLG from being heard with respect to that issue in New York state court. *Id.* at 21-25.

EXHIBIT 2

The Debtor's counsel's inclusion of the intentional tort personal injury claims in the Third Amended Complaint is sanctionable because these claims were previously dismissed with prejudice by the Debtor approximately nine (9) years prior to the bankruptcy filing. There is no credible excuse for the attempt by the Debtor and her counsel to justify the assertion of these claims.  After attempting to fudge certain dates, the Debtor's counsel continued to prosecute claims that are barred by the statute of limitation on their face.   Incompetence and stupidity are not defenses to Rule 9011 sanctions.  Counsel for the Debtor is not incompetent, however, it seems that he took leave of his senses in attempt to perpetrate a fraud on the  Court by asserting claims that were previously dismissed with prejudice.  The continued prosecution and pursuit of a default judgment on these claims clearly evidences the Debtor's counsel's indifference to his professional responsibilities and regard for the concept of truthfulness.

## <u>CONCLUSION</u>

This is a textbook case for the imposition of Rule 9011 sanctions. For all of the foregoing reasons and the reasons set forth herein, in NLG's Motion, incorporated herein,  the Court should enter an order (i) striking the false and offensive allegations referenced above and set forth in detail in NLG's Motion, (ii) dismiss with prejudice the Adversary Proceeding and  (iii) enter monetary sanctions against the Debtor, Selective and their respective counsel, jointly and severally,  for the reasonable attorney's fees  incurred by NLG in  defending Selective's Complaint, the Amended Complaint, the Second Amended Complaint, the Third Amended Complaint, the Debtor's Motion, in prosecuting NLG's Motion and the instant motion, and in otherwise litigating the issues raised in this adversary proceeding.

**WHEREFORE**, NLG respectfully requests that the Court grant the relief requested herein and enter the appropriate sanction against the Debtor and Selective's respective counsel

EXHIBIT 2

for, the attorney's fees and costs incurred as a result of their actions in the filing of the Third

Amended Complaint and the Motion for Default and such other and further relief that the Court

deems appropriate.

    *I HEREBY CERTIFY  that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

    Dated this 15th day of March, 2017.


        /s/ Nicholas B. Bangos
        Nicholas B. Bangos
        Florida Bar No. 0834238
        100 S.E. 2nd Street, Suite 3400
        Miami, FL 33131
        (305) 375-9220
        (305) 375-8050 facsimile
        nbangos@diazreus.com
        *Attorneys for NLG, LLC*

### CERTIFICATE OF SERVICE

    **I HEREBY  CERTIFY**  that a true and correct copy of the foregoing was furnished

electronically on March 15, 2017, to David W. Langley, Pine Island Commons, 8551 W. Sunrise

Blvd, # 303, Ft. Lauderdale, FL 33322 dave@flalawyer.com; and to Joe M. Grant, 197 South

Federal Highway, Suite 300, Boca Raton, FL 33432 jgrant@msglaw.com, and by U.S. Mail,

First Class, on the 16th day of March, 2017.


        /s/ Nicholas B. Bangos
        Attorney

EXHIBIT 2

15

EXHIBIT 2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ELIZABETH HAZAN,

    Plaintiff,

v.                                 CASE NO.

CHRISTOPHER KOSACHUK and
NLG, LLC a Delaware limited liability
Company,

    Defendants.

_____/

## COMPLAINT

    Plaintiff, Elizabeth Hazan, by and through her undersigned attorneys, sues defendants Christopher Kosachuk and NLG, LLC, and alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

    1.    Plaintiff, Elizabeth Hazan, ("Hazan") is an individual and owns real Property in Miami Dade County, Florida.

    2.    The Defendant, NLG, LLC, is a Delaware limited liability company which regularly conducts business in Miami Dade County, Florida.

    3.    The Defendant, Christopher Kosachuk, is an individual and resides in Miami Dade County, Florida. He is the sole managing member of NLG, LLC.

    4.    Pursuant to a Warranty Deed dated March 8, 2007 and recorded March 14, 2007, in Official Records Book 25450, page 2833, of the Public Records of Miami Dade County, Florida, Hazan owns in fee the real Property located at 6913 Fisher Island Drive, Fisher Island, Florida, 33109, which is legally described as follows:

EXHIBIT 1          EXHIBIT 2

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Florida (the "Property")

5.    Pursuant to a contract for sale and purchas of the Property between Hazan and NLG executed prior to March 8, 2007, NLG agreed to grant a gift of equity in the sum of $1,000,000.00 to Hazan for the Property. NLG and Hazan further agreed that Hazan would grant a mortgage in the sum of $1,000,000.00 to NLG secured by real property located in New York, New York. Instead of identifying the New York property as the agreed upon collateral for the $1,000,000.00 note, on or about March 8, 2007, Kosachuk coerced and threatened Hazan to execute a note and mortgage in favor of NLG, LLC, for an increased sum of $1,250,000.00, which was secured by a mortgage on the above described Florida Property owned by HAZAN, such mortgage being recorded on or about April 24, 2007, in Official Records Book 25559 page 4266 of the Public Records of Miami Dade County, Florida. NLG failed to secure payment of the note with the New York property owned by Hazan, as originally agreed.

6.    Following NLG's filing of a court action in the Circuit Court for Miami Dade County, Florida for monetary damages alleging a default under the note executed by Hazan, Hazan and NLG entered into a new settlement agreement for installment payments. A copy of the Agreement is attached hereto and incorporated herein as Exhibit A.

7.    After Hazan made her first installment payment, NLG alleged a default of the Agreement and obtained a judgment upon the same, which was rendered April 28, 2008. A copy of the Final Judgment is attached hereto and incorporated herein as Exhibit B.

8.    At all times material hereto, NLG has failed to release or discharge the mortgage upon Hazan's Property described above, despite obtaining its Judgment upon a

2

EXHIBIT 1        EXHIBIT 2

separate settlement agreement, and now both the mortgage and judgment lien continue to encumber the Property.

9.    Several times during May, 2008, Defendant Kosachuk has entered the Property without notice to Hazan and without her consent and Kosachuk has threatened Hazan that he will continue to enter the Property until she executes a lease for the Property to him or his assigns, until she finds employment and assigns her wages to him, or otherwise satisfies the judgment held by NLG and Kosachuk has further threatened bodily harm to Hazan to coerce her into paying him monies.

10.    Since Hazan discovered Kosachuk's trespass in May 2008, Hazan has demanded that Kosachuk cease and desist from entering the Property and contacting Hazan, all to no avail.

11.    Throughout May, 2008, Kosachuk has called Hazan nearly every day, sometimes for multiple times each day; emailed Hazan; left voice mail messages for Hazan; personally entered her home in her absence so that he had unsupervised access to her personal Property, business, financial and personal documents, mail, and household provisions; he contacted her realtors and mortgage lender; and he brought third persons to her home to lease the same, without cause or justification, causing Hazan to be in fear of her life, Property and well being.

12.    At all times material hereto Hazan has been represented by counsel and said counsel has been disclosed to NLG and Kosachuk and known by them.

13.    All conditions precedent and necessary for the maintenance of this action have been performed, excused, satisfied or waived.

14.    Hazan has retained the undersigned attorneys to represent her in this matter

2

EXHIBIT 1        EXHIBIT 2

and is obligated to pay her attorneys a reasonable fee.

## COUNT I-INJUNCTIVE RELIEF

15. Plaintiff restates and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. This is an action for an injunction.

17. At all times material hereto, plaintiff was in possession of the following described real Property in Miami-Dade County, Florida:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

18. Commencing in May, 2008, and on several occasions since that date, defendant, Kosachuk, entered on the real Property described in paragraph 17, above by walking across the Property and actually entering the residence and he has verbally expressed his intent that he will return to the Property until it is leased or sold.

19. If the continual trespasses are not restrained by this court, they could; a) result in Property damage to Hazan; b) result in personal injury to Hazan; c) permit Defendants to obtain records of Hazan to execute on the NLG judgment without compliance with the rules of court and Florida Statutes; and, d) possibly ripen into a prescriptive right on the part of defendant to continue the trespasses and to use plaintiff's Property.

20. Hazan has been in fear of her life since the trespasses commenced.

21. As a result plaintiff does not have an adequate remedy at law. The trespasses will cause irreparable injury to plaintiff because of access to Plaintiff's records without court supervision, the risk of damages and injury and the value of plaintiff's Property will be diminished as a result of a prescriptive use.

EXHIBIT 1          EXHIBIT 2

WHEREFORE plaintiff demands judgment for a permanent injunction restraining defendant, Kosachuk, individually or as an agent of NLG, and any other agents and representatives of NLG, from trespassing on plaintiff's Property and costs of this action and for such other and further relief deemed just and proper.

## COUNT II-TRESPASS

22.    This is an action for trespass and damages in excess of $15,000.00.

23.    Plaintiff restates and realleges paragraphs 1 through 14 above as though fully set forth herein.

24.    Commencing in May, 2008, and on several occasions since that date, defendant, Kosachuk, entered on the real Property described in paragraph 4 by walking across the Property and actually entering the residence located on the Property, without notice to Hazan and without her consent.

25.    As a direct and proximate result of Kosachuk's trespassing upon Hazan's Property, Hazan has suffered damages.

WHEREFORE, Hazan demands damages against NLG, LLC and Kosachuk, jointly and severally, and for such other and further relief that this Court deems just and proper.

## COUNT III – QUIET TITLE

26.    This is an action to quiet title.

27.    Plaintiff restates and realleges paragraphs 1 and 14 above as though fully set forth herein.

28.    On or about March 8, 2007, Plaintiff acquired title to the Property described in paragraph 4 above by virtue of a warranty deed. A copy of the Warranty Deed is attached hereto and incorporated herein as Exhibit "C".

5

EXHIBIT 1          EXHIBIT 2

29.    Pursuant to a mortgage, Defendant, NLG, claimed an interest in the Property. The interests of Defendant, NLG, if any, have been satisfied and discharged and subject to the right, title and interest of Plaintiff, inasmuch as NLG: a) NLG elected its remedies to sue on a promissory note without foreclosure of the mortgage; b) that in the course of that lawsuit, NLG executed a new agreement with Plaintiff, Hazan, that set forth new terms of indebtedness that was unsecured causing the note and mortgage to be terminated or merged into the new agreement; c) the new agreement was reduced to a final judgment;   d) NLG has exercised remedies of garnishment and collection against the judgment; e) the mortgage was not intended to encumber Florida property but was originally intend to encumber New York property per a separate agreement; and f) payments made by Hazan were allegedly applied to reduce the obligations under the new agreement, not the mortgage, which was the intent of the parties since the mortgage was disregarded. However NLG failed to release the mortgage of record and now has both a judgment in excess of $1,600,000.00 and a mortgage in excess of $1,250,000.00 encumbering Plaintiff's Property, even though NLG's original agreement was to provide a $1,000,000.00 loan to Hazan.

30.    Any and all claims, right, title, or interest of defendant, NLG, to the real Property described herein have been extinguished by a new agreement, the discharge of the note and a final judgment, and Plaintiff is the true record title owner to the real Property and the legal and equitable owner thereof in fee simple, and as such, is entitled to have her title to the real Property quieted and confirmed by the court under the provisions of F.S. 65.011, 65.021, and 65.061.

WHEREFORE, Plaintiff, being without remedy save in a court of equity, demands

EXHIBIT 1          EXHIBIT 2

as follows:

A. That upon final hearing, the fee simple title to the above described Property be adjudged to be in Plaintiff, unencumbered by NLG's mortgage.

B. That Defendant (each of them) be required to set forth the nature of its claim in and to the above described real Property and that all adverse claims by Defendant or those claiming by, through, under, or against Defendant, be determined by judgment of this court to be null and void as against Plaintiff.

C. That all right, title, and interest of defendant and those parties claiming by, through, under, or against defendant be forever quieted and confirmed in Plaintiff.

D. That Defendant and those parties claiming by, through, under, or against Defendant be perpetually enjoined from asserting any right, title, claim, or interest in and to the above described real Property.

F.     That the Court grant such other and further relief as it may deem proper in the premises.

## COUNT IV-INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

31.     This is an action for damages in excess of $15,000.00.

32.     Plaintiff, Hazan, realleges and reavers the allegations contained in paragraphs 1 through 14 as though fully rewritten herein.

33.     As evidenced by the Public Records and documents provided to Kosachuk and NLG in March 2007, when the Property was acquired by Hazan, Defendants have direct knowledge of Hazan's mortgage lender, Washington Mutual, whose mortgage note is secured by the Property.

34.     Kosachuk and NLG have intentionally, unjustifiably, and directly interfered with Hazan's mortgage lender relationship by upon information and belief committing the following acts and omissions:

a)     Defendants independently contacted Washington Mutual to arrange for the payment of the mortgage through rental income or direct payment

7

EXHIBIT 1          EXHIBIT 2

by Defendants;

b)      Defendants advised Washington Mutual that Hazan has been delinquent in payments to NLG and that NLG is a judgment creditor of Hazan;

c)      Defendants wrongly notified Washington Mutual that NLG was entitled to possession of the Property;

d)      Defendants wrongly notified Washington Mutual that Hazan abandoned the Property; and

e)      Defendants misrepresented their relationship to Hazan in order to obtain details from Washington Mutual about Hazan's payments and modification of payments to Washington Mutual.

35.     Kosachuk and NLG have intentionally, unjustifiably, and directly interfered with Hazan's real estate agent relationships by upon information and belief committing the following acts and omissions:

a)      Defendants independently went to a realtor, who was not Hazan's listing agent, even though Hazan disclosed the listing agent to Defendants and obtained access to the Property under the pretense that Kosachuk was going to lease or buy the Property from Hazan;

b)      Upon information and belief, Defendants misrepresented to Hazan's realtor that Defendants were entitled to possession of the Property pursuant to a final court judgment;

c)      Upon information and belief, Defendants misrepresented to Hazan's realtor that Defendants were entitled to receive Hazan's confidential pricing and marketing strategies and that Defendants had authority to instruct the

EXHIBIT 1          EXHIBIT 2

realtor to lower the listing price of the Property; and

      d) Upon information and belief, pretending to be Hazan's authorized representative, Defendants negotiated the terms of a lease for the Property with a third party and forwarded the offer for the same to Hazan even though Defendants are not licensed realtors in the State of Florida, all in violation of Florida Statutes Chapter 475 and Florida Administrative Code.

36.    Defendants' sole motive in their actions set forth above is to interfere with Hazan's contractual rights and expectancies, so that her performance under the loan documents with Washington Mutual and listing agreement with her realtor is rendered impossible, and Hazan would be forced to sell or lease the Property to Defendants at a substantial discount, resulting in a double profit, and unjust enrichment to Defendants. Defendants actions set forth above were perpetrated with ill will and without any useful purpose, or justification.

37.    The actions of Defendants have interfered with Hazan's business relations, have been financially detrimental to the affairs of Hazan, and have caused damages to Hazan.

WHEREFORE, Hazan demands judgment against Defendants, Kosachuk and NLG, jointly and severally, for damages, and for such other and further relief that this court deems just and proper.

## COUNT V-INVASION OF PRIVACY

38.    This is an action for damages in excess of $15,000.00.

39.    Plaintiff, Hazan, realleges and reavers the allegations contained in paragraphs 1 through 14 as though fully rewritten herein.

EXHIBIT 1      EXHIBIT 2

40.    The Property located on Fisher Island is Hazan's principal residence and her homestead and she maintains papers, personal property, photographs, letters, personal provisions, money, bank records, and other legal, business and financial papers at the Property and she has her mail delivered to the Property.

41.    Several times during May, 2008, Defendant Kosachuk, individually and as an agent of NLG or through persons ordered by him, entered the Property without notice to Hazan and without her consent and outside of her presence.

42.    Such unauthorized entry into Hazan's home in view of Hazan's neighbors and friends, and upon information and belief a real estate colleague of Hazan, constituted an illegal invasion of privacy of Plaintiff's home, and subjects Hazan to public ridicule, extreme humiliation, fear of wiretapping and the fear of the installation of hidden surveillance equipment and has caused Hazan severe mental and emotional distress.

43.    As a result of the acts and omissions of the Defendants, Hazan has been damaged.

44.    Defendants conduct described herein was willful and malicious and with wanton disregard of the rights of Plaintiff.

WHEREFORE, Hazan demands judgment against Defendants, Kosachuk and NLG, jointly and severally, for damages, the right to seek leave to file for punitive damages and for such other and further relief that this court deems just and proper.

## COUNT VI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.    This is an action for damages in excess of $15,000.00, and injunctive relief.

46.    Plaintiff, Hazan, realleges and reavers the allegations contained in

EXHIBIT 1          EXHIBIT 2

paragraphs 1 through 14 as though fully rewritten herein.

47.    At all times material hereto since April 28, 2008, Defendant Kosachuk, individually and as an agent of NLG, without Plaintiff, Hazan's consent, violated her rights of privacy, subjected her to harassment and intimidation, and invaded her seclusion, solitude and private affairs by, but not limited to the following acts and omissions of the Defendants:

a) Several times during May, 2008, Defendant Kosachuk individually or by his agents has entered the Property without notice to Hazan and without her consent and Kosachuk has threatened Hazan that he will continue to enter the Property until she executes a lease for the Property to him or his assigns, until she finds employment and assigns her wages to him, or otherwise satisfies the judgment held by NLG and Kosachuk has further threatened bodily harm to Hazan to coerce her into paying him monies;

b)  Throughout May, 2008, Kosachuk has called Hazan nearly every day, sometimes for multiple times each day; emailed Hazan; left voice mail messages for Hazan; personally entered her home in her absence so that he had unsupervised access to her personal property, business, financial and personal documents, mail, and household provisions;

c) Defendants contacted Hazan's realtors and mortgage lender; and brought third persons to the Property to lease the same;

d) Kosachuk's persistent telephone calls are threatening to Hazan and obnoxious to the effect that he will personally haunt Hazan until she pays her debts; that she will never earn a wage without paying Defendants first; that she has no right to live her life until Defendants are paid; that he will throw her out of her home and she will be homeless;

EXHIBIT 1          EXHIBIT 2

that she should call her family to pay her debts; that he will hurt her until she pays her debts to the Defendants.

48.    At all times when the telephone calls and emails were made, both Defendants and Hazan were represented by legal counsel relating to Defendants claims to collect monies allegedly due and owing.

49.    The threatening and harassing contact by Defendants to Hazan were made at various hours of the day or night, and intended to personally harass and embarrass Hazan and inflict mental and emotional distress upon her and expose her to public ridicule.

50.    The continuing acts and omissions of Defendants have caused Hazan to lose sleep, fear for her life, hire personal security, suffer from embarrassment, humiliation, and otherwise caused her damages.

51.    Defendants conduct described herein was willful and malicious and with wanton disregard of the rights of Plaintiff.

52.    Unless the acts and omissions of Defendants described herein are enjoined, Hazan will suffer irreparable harm.

WHEREFORE plaintiff demands judgment for a permanent injunction restraining defendant from having future direct contact with Plaintiff so long as she has counsel, damages for the acts and omissions that have occurred, and costs of this action and for such other and further relief deemed just and proper.

EXHIBIT 1          EXHIBIT 2

## JURY DEMAND

Hazan demands trial by jury on all issues so triable.

Dated June 3, 2008

SIMON, SIGALOS & SPYREDES, P.A.
Attorney for Plaintiffs
3839 NW Boca Raton Boulevard, Suite 100
Boca Raton, Florida 33431
(561) 447-0017 Telephone
(561) 447-0018 Facsimile

Michael W. Simon
Florida Bar No. 776394

Y:\Clients\Hazan\adv NLG\v Kozenick\complaint.doc

13

**EXHIBIT 1**          **EXHIBIT 2**

## NLG/HAZAN Settlement Agreement

NLG, LLC (hereafter "NLG"), and Elizabeth Hazan (hereafter "Hazan") agree as follows:

WHEREAS, the Parties are currently engaged in litigation related to the non-payment of a certain promissory note dated March 8, 2007;

WHEREAS, the Parties desire to resolve their differences and settle the litigation between them;

NOW THEREFORE, the Parties in consideration of the mutual promises and other good and valuable consideration, the receipt of which is hereby acknowledged, agree as follows:

1.      The recitals set forth above are hereby incorporated herein by reference and are ratified as true and accurate.

2.      Sale of Property.

a.      The property located 6913 Valencia Drive, Fisher Island, Florida 33109, Folio No.: 30-4209-016-0070, described as Lot 7 Block 2 Lindesfarne on Fisher Island Section 10, Plat Book 157 Page 64, recorded in the Public Records of Miami Dade County, Florida shall be immediately listed for sale with the ~~Vida Pingree Partnership~~ as broker and placed on the Multiple Listing Service for a sale price of not less than the amount necessary to fully satisfy the mortgages, liens, encumbrances and sale expenses set forth in paragraph 2.c., below. Copies of the listing agreement will be provided to NLG and Hazan.  NLG and Hazan shall use their best efforts to sell the property at an agreed upon price pursuant to the terms hereof as soon as reasonably possible. The Property must be sold, or the amounts due NLG must be paid no later than September 1, 2008.

*[handwritten right margin: $7 million FISHER id REPLY E.H CE]*

b.      If a bona fide offer is received for any sum which exceeds the then due balance on the first mortgage in favor of Washington Mutual  and the then due balance owed to NLG, Hazan must accept the offer and the property will go to contract.

c.      Upon the sale of the property, after payment of (a) all of seller's customary closing costs and expenses, fees, and brokerage fees (brokerage fees not to exceed 6% of the contract price, none of which can be paid to Hazan or for Hazan's benefit); (b) the Washington Mutual mortgage; and, (c) the NLG mortgage, all net proceeds of sale shall be payable to Hazan. Hazan represents and warrants that the current balance due under the Washington Mutual Mortgage equals $ 4 \m         .

3.      Title, modification further encumbrances. The property shall remain titled in the name of Hazan and she shall not alter the title to the property in any respect or allow further encumbrances to be placed against the Property. Hazan shall also be prohibited from receiving any further advances under the Washington Mutual mortgage

*[handwritten right margin: CE E.H]*

*[handwritten bottom: THE PROPERTY SHALL REMAIN TITLED in THE NAME of HAZAN]*

EXHIBIT 1        EXHIBIT 2

*[stamp: EXHIBIT]*

or ~~to allow said mortgage to negatively amortize so as to increase the current indebtedness of said mortgage in any respect or for any reason. Hazan is also prohibited from incurring any other debt(s) in excess of $10,000 or expending any monies for any single item in excess of $5,000.~~   *E.H CK*

4.   Maintenance, preservation and upkeep of property. Pending the sale of the property, Hazan shall timely pay: (a) all monthly payments to Washington Mutual pursuant to the first mortgage and note; (b) all payments due under this agreement to NLG; (c) all insurance premiums to maintain adequate insurance coverage on the property; (d) all condominium association and other Fisher Island related monthly fees and assessments; and (e) any future property maintenance costs necessary to maintain the property in good condition.   *E.H UK*

5.   Amounts Due NLG: Hazan hereby stipulates, acknowledges and agrees that the current debt owed to NLG pursuant to the March 8, 2007 Promissory Note equals $1,574,371.07.

*ENLG, LLC   KOSACHUK   CK   E.H*

6.   Waiver of Defenses. Hazan hereby waives any and all defenses which she has heretofore interposed, or which she could have imposed, to the claims contained in the complaint.

7.   Reduction in NLG debt and Payments required. As long as Hazan is not in default of her obligations under this Agreement and provided the Property is not sold or refinanced, NLG has agreed to reduce the total amount due under the Note, pending the strict performance by Hazan of all obligations hereunder, to $ 1,000,000.00   *CK  E.H*  In consideration of this reduction, Hazan shall pay NLG as follows: (1) the sum of $50,000.00 by local bank check, paid to NLG, LLC, by no later than the close of business on February 9, 2008; (2) the sum of $ 950,000.00 by wire transfer, paid to the Trust Account of David and Joseph, P.L., by no later than the close of business on *APRIL 22 08* ; (3) Six (6) monthly interest payments commencing on March 1, 2008 and on each succeeding 1 day of each month thereafter, in the amount of $_____ by wire transfer paid to the Trust Account of David and Joseph, P.L.; and, (4) the sum of $_____ by wire transfer paid to the Trust Account of David and Joseph, P.L. by no later than August 1, 2008. In the event the property is sold or refinanced, the amount due NLG shall be 1,574,371.07 plus accrued interest

*CK E.H STARTING MAY 1ST MONTHLY PAYMENTS OF $40000 CK*

8.   Default. Time is of the essence of this Agreement. The failure of either Party to strictly and timely comply with each and every obligation set forth in this Agreement, or any of them, shall be considered a default. In the event of a default by Hazan of any of her obligations contained herein, NLG shall have the right to declare a default. In the event NLG declares a default, NLG shall be entitled to retain any late payments received and to the immediate entry of a Default Final Judgment, based upon an affidavit setting forth the default, in the amount of 1,574,371.07, plus accrued interest at the default rate provided in the Note, less any payments received by NLG from Hazan.

9.   Satisfaction of March 8, 2007 Promissory Note and Release of Purchase Money Mortgage. Provided that Hazan makes each and every payment required by   *E.H*

*SEP 22 2008  $300,000.00        MARCH 22 2009*
*DEC 22 2008  $200,000.00        $800,000.00*

paragraph 7, above, and is in compliance with all her obligations under this Agreement, NLG will, after receiving payment in full of all payments required by this Agreement, provide, in recordable form, a satisfaction and release of the purchase money mortgage in favor of NLG along with returning the original promissory note marked "paid in full" to Hazan. In the event Hazan fails to make the payments required by the Agreement or otherwise remain in compliance with her obligations under this agreement, both the Promissory Note and Mortgage will remain in full force and effect until paid or satisfied.

10.    Individual Counsel and Full Disclosure.    Each party has had the opportunity to consult and obtain independent counsel. Each party fully understands all of the facts and has been, or is entitled, to be fully advised and informed as to his and/or her legal rights and obligations under the terms hereof. NLG is represented by Christopher M. David, Esq. Hazan is represented by Michael W. Simon, Esq. As a result of each party executing this Agreement freely and voluntarily, each party thereby fully intends to be bound by all of the terms and conditions contained herein.

11.    Legal Representation Expenses.    In the event that either party shall retain or engage an attorney to collect, enforce or protect his or her interest with respect to this Agreement, the prevailing party shall be entitled to receive payment for all costs and expenses of such collection, enforcement or protection, including reasonable attorney's fees on both the trial and appellate levels.

12.    Governing Law.    The Parties hereto agree that it is their intention and covenant that this Agreement shall be governed by the laws of the State of Florida and that venue shall be in Miami Dade County, Florida.

13.    Notice.    Any notice provided for by this Agreement and any other notice, demand or communication which either party may wish to send to the other (the "Notices") shall be in writing and shall be deemed to have been properly given if served by (i) personal delivery, (ii) registered or certified mail, return receipt requested, in a sealed envelope, postage prepaid, or (iii) confirmed telecopy, addressed to the party for which such notice is intended as follows:

If to the NLG:                          If to Hazan:

854 Pheasant Run Road                   6913 Valencia Drive
West Chester, PA 19382                  Fisher Island, FL 33109
Fax: +1.305.422.0539                    Fax: _____
                                        Tel: _____
With a copy to:                           with a copy to:

Christopher M. David, Esq.              Michael W. Simon, Esq.
David and Joseph, P.L.                  Simon Sigalos & Spyredes, P.A
1001 Brickell Bay Drive, Suite 2002     3839 N.W. Boca Raton Blvd., Suite 100
Miami, Florida 33131                    Boca Raton, Florida 33431
TEL. 786-364-7990                       Tel: 561-447-0017
FAX. 786-364-7995                       Fax: 561-447-0018

3

EXHIBIT 1                    EXHIBIT 2

14.    _Final Agreement_. This Agreement contains the entire agreement between the Parties and supersedes and replaces any and all prior or contemporaneous agreements or understandings, written or oral, pertaining to this matter. This Agreement may be amended or modified, in whole or in part, at any time only by an agreement in writing, signed by all Parties to this Agreement, and supported by additional consideration.

In Witness Whereof, the Parties hereto have hereunto set their hands and seals this 09TH day of February, 2008.

NLG, LLC

By: _____

Name: Christopher Kosachuk

Title: Manager

ELIZABETH HAZAN

EXHIBIT 1              EXHIBIT 2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 07-19532 CA 11

NLG, LLC, a Delaware Limited Liability Company,

    Plaintiff,

v.

ELIZABETH HAZAN,

    Defendant.

_____/

## DEFAULT FINAL JUDGMENT

This Action was considered based upon a Motion for Default Final Judgment based upon a breach of the Parties February 9, 2008 Settlement Agreement. Based upon the Settlement Agreement, the Motion for Default Final Judgment and the Affidavit of Default of Settlement Agreement filed by the Plaintiff,

*IT IS ADJUDGED THAT:*

1.    The Plaintiff, NLG, LLC, 854 Pheasant Run Road, West Chester, PA, 19382, shall recover from Defendant, Elizabeth Hazan whose address is 6913 Valencia Drive, Fisher Island, Florida 33109, the sum of $1,618,071.29 that shall bear interest at the rate of 11 percent per annum until paid, for which sum let execution issue.

2.    The Plaintiff, NLG, LLC, is the prevailing party in this action and is therefore awarded an entitlement to recover reasonable attorney's fees and court costs incurred in connection with this matter against the Defendant Elizabeth Hazan pursuant to the Settlement Agreement. The

1



EXHIBIT 1    EXHIBIT 2

Court reserves jurisdiction over the subject matter of this action to adjudicate the amount of reasonable attorney's fees and court costs to be awarded to the Plaintiff, NLG, LLC.

3.    The Defendant, Elizabeth Hazan, whose address is 6913 Valencia Drive, Fisher Island, Florida 33109, shall take nothing by this action and shall go hence without day.

DONE AND ORDERED in Chambers at Miami Dade County, Florida this ____ day of April, 2008.

APR 2 8 2008

_____
CIRCUIT COURT JUDGE

ROBERT N. SCOLA, JR.

Conformed copies to:

Christopher M. David, Esq.
Michael W. Simon, Esq.

2

EXHIBIT 1          EXHIBIT 2

Prepared by and recorded copies
should be sent to:
Joseph J. Weisenfeld
WEISENFELD & ASSOCIATES, P.A.
2900 SW 28th Terrace, Penthouse
Miami, Florida 33133

Return to:

SIMON, SIGALOS & SPYREDES, P.A.
120 EAST PALMETTO PARK ROAD
SUITE 100
BOCA RATON, FL 33432

CFN 2007R0266355
OR BK 25450 Pgs 2833 - 2834; (2pgs)
RECORDED 03/14/2007 18:15:22
DEED DOC TAX 30,600.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Reserved

## WARRANTY DEED

THIS INDENTURE, made this 8th day of March, 2007, between NLG, LLC, a Delaware limited liability company, whose post office address is 854 Pheasant Run Rd, West Chester, PA 19382 (hereinafter referred to as "Grantor") to Elizabeth Hazan, a single woman, whose post office address is 6913 Valencia Drive, Fisher Island, Florida 33109 (hereinafter referred to as "Grantee").

Folio Number: 30 42090160070

## WITNESSETH:

That the said Grantor, for and in consideration of the sum of Ten and No/100 ($10.00) and other good and valuable consideration, to it in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said Grantee, its heirs, executors, administrators, successors and assigns forever, the following described land, situate and being in the County of Miami-Dade, State of Florida, to-wit:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in PLAT Book 157, at Page 84, of the Public Records of Miami-Dade County, Florida; (the "Property");

THE PROPERTY HEREBY CONVEYED IS NOT NOR HAS IT EVER BEEN THE HOMESTEAD OF THE GRANTOR HEREIN.

SUBJECT TO:

1.    Taxes and assessments for the year 2007 and all subsequent years

2.    Conditions, covenants, restrictions and easements filed of record.

TOGETHER with all of the tenements, hereditaments, privileges and appurtenances thereunto belonging or in any way appertaining.

And the Grantor hereby covenants with the Grantee that it is lawfully seized of said land in fee simple; that it has good right and lawful authority to sell and convey said land; that it hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever.



EXHIBIT
C

EXHIBIT 1        EXHIBIT 2

OR B: 25450 PG 2834
LAST PAGE

IN WITNESS WHEREOF, the Grantor has caused these presents to be executed in its name the day and year first above written.

Signed, sealed and delivered
in the presence of:

_Melbis Cewik_

_Melbis Avila_
Print or Type Name

_Neculator_

_Lourdes M. Marrero_
Print or Type Name

NLG, LLC, a Delaware limited
liability company

BY: _____
Christopher Kosachuk, its
Manager

STATE OF FLORIDA )
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me this 8th day of March, 2007, by CHRISTOPHER KOSACHUK, as Manager of NLG, LLC, a Delaware limited liability company.

NOTARY PUBLIC STATE OF FLORIDA
Melbis Avila
Commission # DD522194
Expires: FEB. 23, 2010
Bonded Thru Atlantic Bonding Co., Inc.

[NOTARIAL SEAL]

_Melbis Cewik_
NOTARY PUBLIC

Personally Known _____ OR Produced Identification _____✓_____

Type of Identification Produced _Pennsylvania Drivers License._

H:\Share\1338-10 folders

3

EXHIBIT 1          EXHIBIT 2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ELIZABETH HAZAN,

    Plaintiff,

v.                          CASE NO. 2008-31657-CA-01 (27)

CHRISTOPHER KOSACHUK, and
NLG, LLC, a Delaware limited liability
Company,

    Defendants.
    _____/

## STIPULATION AND ORDER FOR DISMISSAL OF COMPLAINT WITH PREJUDICE

Plaintiff, **ELIZABETH HAZAN**, and Defendants, **CHRISTOPHER KOSACHUK** and **NLG, LLC**, by and through their respective undersigned counsel, hereby stipulate to the dismissal, with prejudice, of all claims and any counterclaims asserted or which may have been asserted in this action between these parties, with each party to bear their own attorney's fees and costs.

Dated: October 29 , 2008.              Dated: October 29 , 2008.

SIMON, SIGALOS & SPYREDES, P.A.    DAVID AND JOSEPH, P.L.
Attorneys for Plaintiff                Attorneys for Defendant
3839 NW Boca Raton Blvd., Suite 100   1001 Brickell Bay Drive, Suite 2002
Boca Raton, FL 33431               Miami, Florida 33131
Tel: (561) 447-0017                 Tel: 786-362-7990

By: _____       By: _____
Michael W. Simon Esq.               Christopher M. David
Florida Bar No.: 776394            Florida Bar No.: 985163

EXHIBIT 2           EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                    Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,             Chapter 11

      Debtor,

_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN,
and SELECTIVE ADVISORS GROUP, LLC,            Adv. No. 16-01439-AJC

      Plaintiffs,

v.

NLG, LLC,
a Delaware limited liability company,

      Defendant.

_____/

NLG, LLC,

      Counterclaim Plaintiff,

v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Counterclaim Defendants.

_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF and/or U.S. mail to the parties on the attached service list as indicated on this 6th day of June, 2017.

/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com
*Attorneys for NLG, LLC*

## SERVICE LIST

### *Via CM/ECF*

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com; mg197ecfbox@gmail.com;sleary@msglaw.com

David W. Langley on behalf of Plaintiff and Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

### **Via U.S. Mail**

Selective Advisors Group, LLC
c/o Marshall Socarras Grant, P.L.
197 S. Federal Highway
Suite 200
Boca Raton, FL 33432