## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## www.flsb.uscourts.gov

In re:

LIZA HAZAN  
a/k/a ELIZABETH HAZAN,

Debtor.
_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN  
and SELECTIVE ADVISORS GROUP, LLC,

    Plaintiffs,

v.

NLG, LLC,

    Defendant.
_____/

Case No. 16-10389-AJC

Chapter 11

ADV. NO.: 16-1439-AJC

**PLAINTIFF HAZAN'S SECOND MOTION TO STRIKE NLG, LLC'S VERIFIED APPLICATION FOR CLERK'S DEFAULT [D.E.191], MOTION TO SET ASIDE CLERK'S DEFAULTS AND MOTION FOR SANCTIONS**
**And**
**REQUEST FOR EXPEDITED HEARING**

BASIS FOR REQUEST FOR EXPEDITED HEARING

**A number of matters in the main case related to this Motion are presently set for hearing on June 27, 2017 at 2:30 pm. Plaintiff Hazan requests a hearing on this motion at the same time.**

Plaintiff, LIZA HAZAN (Hazan), by and through undersigned counsel, moves to strike Defendant, NLG, LLC's (NLG) Verified Application for Clerk's Default (D.E. 191), Moves to Set Aside two Clerk's Defaults (D.E. 196, 197), and for Sanctions, and in support thereof states as follows:

1) Plaintiffs filed their second Motion to Dismiss and Motion for Judgment on the Pleadings on May 24, 2017, Docket Entry 149.

2) The Court denied the Motions by Order entered June 22, 2017, Docket Entry 189.

3) The very next day NLG, through counsel Astrid Gabbe, filed NLG's second Verified Application for Clerk's Default (D.E. 191).

4) NLG's first Verified Application for Clerk's Default (D.E. 117) included a false representation that Plaintiffs had not appeared in the case and resulted in a Motion to Set Aside Clerk's Defaults and for Sanctions, D.E. 120. The Court recognized the Application as improper in its Order dated May 8, 2017, D.E. 132,, which states, "the Clerk's defaults entered in this case on NLG's counterclaims are vacated as having been **improvidently entered**." (Emphasis suppled). "

5) Despite the admonishment by the Court regarding the first Application for Clerk's Default, Ms. Gabbe filed a second false application just one day after the Motion to Dismiss and Motion for Judgment on the Pleadings was denied.

6) Ms. Gabbe, on behalf of NLG, states in the Application, which is signed by counsel and verified by Chris Kosachuk, that Plaintiffs have "failed to plead or otherwise defend".

7) This claim is patently false. A clerk's default is improper against a plaintiff as a "plaintiff has made an appearance in the case by filing its complaint". *Cargill Inc. v. Cohen*, 115 F.R.D. 259 (M.D.Ga. 1987). Further, Plaintiffs filed a Motion to Dismiss Counterclaim and Motion for Judgment on the Pleadings, D.E. 149. A clerk's default is improper in such a case.

8) Title 28 Section 1927 provides for the award of attorney's fees and costs where a lawsuit is unnecessarily vexatious and protracted by a party. That is what NLG is attempting here.

9) A court has the inherent power to impose sanctions upon a finding that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."" *Alyeska Pipeline Service*

2

*Co. v. Wilderness Society*, 421 U.S. 240, 258-9 (1975). Similarly, the inherent power of the court is triggered upon a finding of bad faith evidenced by delaying or disrupting litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-6 (1991); see also *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)(stating that "[t]he key to unlocking a court's inherent power is the finding of bad faith.").

10) As a result of counsel's false representations, the Clerk has, in fact, entered defaults. See D.E. 196 and 197. Counsel has been advised that the improvidently entered defaults will be rescinded, but in an abundance of caution requests the Court again strike the defaults.

11) A default entered by the Clerk after a party has appeared is void *ab initio*. *Direct MailSpecialists, Inc. v. Eclat Computerized Techns., Inc.*, 840 F.2d 685, 689 (9th Cir.1988) (recognizing that "the issue is whether [the defendant] appeared. If [the defendant] did, a default [judgment] entered by the clerk is void ab initio."). In this second instance both Plaintiffs actually filed answers to the Counterclaim, yet defaults were still entered, causing Hazan to question the method by which Ms. Gabbe procured the defaults.

12) The Verified Application for Clerk's Default (D.E. 191) should be stricken, the Clerk's defaults should be set aside, and counsel should be sanctioned for filing a false and frivolous application.

WHEREFORE, Plaintiff, Liza Hazan, requests that this Court:

A. Strike NLG's Verified Application for Clerk's Default (D.E. 191);

B. Set aside the Clerk's defaults (D.E.196 and 197);

C. Sanction Astrid Gabbe and NLG for filing a false and frivolous application; and

D. Grant such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served all parties of interest as specified on the attached service list on this 26thday of June, 2017.

Respectfully submitted,

**LAW OFFICES OF DAVID W. LANGLEY**
8551 W. Sunrise Blvd.
Suite 303
Fort Lauderdale, FL 33322
Telephone No. 954-356-0450
Fax No. 954-356-0451
Email: dave@flalawyer.com

By: */s/ David W. Langley*
DAVID W. LANGLEY
Florida Bar No. 348279


## SERVICE LIST

*16-10389-AJC Notice will be electronically mailed to:*

Joel M. Aresty, Esq. on behalf of Debtor Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association

adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

Tamara D McKeown on behalf of Debtor Liza Hazan
tdmckeown@mckeownpa.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Alberto H Orizondo on behalf of  NLG, LLC
aorizondo@aglawpa.com, bfernandez@aglawpa.com

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

16-10389-AJC Notice will beemailed to:

Astrid Gabbe on behalf of NLG, LLC
astridgabbe@gmail.com

Juan Ramirez, Esq., Jr., Diaz, Reus, Targ, LLP,
jramirez@diazreus.com, jr@adrmiami.com