UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

LIZA HAZAN                                              CASE NO.: 16-10389-AJC

    Debtor.                                        CHAPTER 11

_____/

SELECTIVE ADVISORS GROUP, LLC and
LIZA HAZAN                                              ADV. CASE NO.:16-01439-AJC

    Plaintiffs.

    vs.

NLG, LLC

    Defendants

_____/

## PLAINTIFFS' EXHIBIT LIST

Plaintiffs, LIZA HAZAN a/k/a ELIZABETH HAZAN and SELECTIVE ADVISORS GROUP, LLC (collectively, "Plaintiffs"), through their respective undersigned counsel, hereby file their Exhibit List for trial scheduled for July 13, 2017 and July 14, 2017. Plaintiffs would note that Exhibits 1 through 29 were previously filed as D.E.77 and the Court has taken judicial notice of those Exhibits, See D.E. 97.

| EXHIBIT NO. | DESCRIPTION | ADMITTED | REFUSED |
|---|---|---|---|
| Exhibit 1 | Promissory Note $1,275,000 signed by Elizabeth Hazan in favor of NLG. | | |
| Exhibit 2 | Mortgage in the amount of $1,275,000.00 Recorded as a second lien on the Fisher Island Property (after mortgage to Washington Mutual). | | |
| Exhibit 3 | NLG Complaint for breach of Promissory note. | | |
| Exhibit 4 | Judgment on the NLG Promissory Note for $1,618,071.29 with 11% per annum Final since 2008– | | |

| EXHIBIT NO. | DESCRIPTION | ADMITTED | REFUSED |
|---|---|---|---|
| Exhibit 5 | Verified NLG Complaint of foreclosure December 2011 | | |
| Exhibit 6 | Judge Eig Judgment in favor of Elizabeth Hazan dismissed NLG foreclosure complaint filed December 2011 and made the following findings:<br>a)      that NLG had made an election of remedies<br>b)      The Scola order dated December 2008 quieting title. NLG was therefore limited to the monetary Final Scola Judgment entered on April 28, 2008 and could not foreclose on Elizabeth Hazan's Homestead located at 6913 Valencia Drive Fisher Island FL 33109 | | |
| Exhibit 7 | NLG second foreclosure complaint in United States District Court Southern District of Florida in case captioned: NLG vs Elizabeth Hazan et al Case 13-22194-CIV-ALTONAGA/Simonton Judge.<br><br>Order denying NLG second foreclosure complaint in United States District Court Southern District of Florida in case captioned: NLG vs Elizabeth Hazan et al Case 13-22194- CIV-ALTONAGA/Simonton Judge. | | |
| Exhibit 8 | Lopez Order Granting Plaintiff Selective's Motion for Proceedings Supplementary judicially assigning "all of NLG, LLC's Judgment, rights, claims and benefits held against Elizabeth Hazan" (including the Scola Judgment) to Selective Advisors Group, LLC. | | |
| Exhibit 9 | Satisfaction of the Scola Judgment and Satisfaction of Mortgage and credited NLG $2,746,954.34 ($1,618,071.29 plus 11% interest) per ruling of Judge Lopez. | | |

| EXHIBIT NO. | DESCRIPTION | ADMITTED | REFUSED |
|---|---|---|---|
| Exhibit 10 | Lien releases of NLG's<br>Judgment lien certificates of the Scola<br>Judgment against Debtor with Tallahassee. | | |
| Exhibit 11 | NLG's Motion to Vacate and Set Aside<br>Selective Advisors Group's Judgment and NLG's Motion to<br>Set Aside and Vacate Order Granting Plaintiff's Motion for<br>Proceedings Supplementary-Denied | | |
| Exhibit 12 | Appellate Opinion reversing Judge Eig on<br>Issue of election of remedies–allowing foreclosure to go<br>forward for the holder of the Scola Judgment (NLG at the<br>time the case was argued, Selective Advisors at the time the<br>opinion issued). | | |
| Exhibit 13 | NLG's Motion for Rehearing Pursuant to<br>Florida Rule of Civil Procedure 1.530 and Relief from Lopez<br>Proceedings Supplementary Order Pursuant to Florida Rule<br>of Civil Procedure 1.540(b)-Denied | | |
| Exhibit 14 | Partial release of Domesticated Judgment against NLG filed by<br>Selective Advisors with The Florida<br>Department of State which gives a credit of $2,746,954.34 to<br>NLG ($1,618,071.29 plus 11% interest) the full amount of the<br>Scola judgment with principal and interest since entry in April<br>28, 2008) per ruling of Judge Lopez dated<br>8/20/2014. | | |
| Exhibit 15 | J. Lopez Order denying NLG's motions filed on<br>August 29, 2014 to vacate and set aside Selective's<br>Judgment and vacate the supplementary Order and denied<br>NLG's motion for rehearing of the Supplementary Order<br>September 5, 2014. | | |
| Exhibit 16 | Motion to Strike the<br>Satisfaction of mortgage filed by Selective. *NLG's motion to<br>strike the satisfaction of mortgage is currently pending, never<br>heard nor ruled upon.* | | |
| Exhibit 17 | NLG filed a motion to strike the | | |

| | | | |
|---|---|---|---|
| | Satisfaction of Judgment filed by Selective. *NLG's motion to strike the Scola Judgment is currently pending, never heard nor ruled upon.* | | |
| Exhibit 18 | Decision and Order recognizing the Florida Assignment of judgment and stating, "the caption of this action is changed to substitute Selective Advisors Group, LLC in place of NLG, LLC" and directing the clerk to accept for filing the order of assignment "judicially assigning the underlying Florida judgment from plaintiff to Selective" and recognizing the Florida Satisfaction of Judgment. | | |
| Exhibit 19 | NY Judge JAFFEE Order dismissing NLG's lawsuit against Elizabeth Hazan and ruling as follows: Given the satisfaction of Judgment in the underlying action under index #101288/2013, as reflected in my decision and Order dated October 30, 2014, defendants' motion to dismiss the proceeding is granted and the proceeding is dismissed. The clerk is directed to enter judgment accordingly. | | |
| Exhibit 20 | NLG's Motion to Reconsider or Rescind Non-Final Order Granting Plaintiff's Motion for Proceedings Supplementary– Denied PART 1, PART 2, PART 3 | | |
| Exhibit 21 | Order Granting  Foreclosure resulting from hearing of October 14, 2015. | | |
| Exhibit 22 | Transcript of proceedings before Judge Lopez on November 10, 2015: "Okay, so I assigned your interest in it to them (Selective), which had nothing to do with what's going on upon appeal". ... "That judgment that I assigned to them or that interest in that judgment was upon appeal. I didn't affect the validity of what's upon appeal. I just said, if you win or lose, whatever happens, now, these people own it instead of you. The Third came back and said, too bad, you get to foreclose, They now own that judgment or note if that's what merged into it, they get to go and foreclose". | | |

| | | | |
|---|---|---|---|
| Exhibit 23 | Order on NLG's Motion to Reconsider or<br>Rescind Order granting judicial assignment following hearing<br>of November 10, 2015– Denied | | |
| Exhibit 24 | Transcript of Proceedings before Judge<br>Lopez on January 11, 2016:<br><br>THE COURT: Did I ever vacate my prior<br>Order?<br>MR. RAMIREZ: No. I didn't say you did.<br>…<br>MR. RAMIREZ: Your Honor transferred or assigned the<br>Judgment—never assigned the mortgage.<br>The Order that you entered in August of<br>2014, assigned theJudgment. | | |
| Exhibit 25 | Order Remanding Case following NLG's<br>post-petition removal seeking to set aside the judgment<br>against NLG, stating,<br>"On February 2012, the defendant confessed judgment in this<br>action, brought by the plaintiff in the New York Supreme<br>Court, New York County.<br>On May 14, 2014, over two years later, defendants ought to<br>vacate the confession of judgment.<br>On June 6, 2014, the Supreme Court denied the<br>application for vacatur and marked the order "final<br>disposition" On June 17, 2014, plaintiff assigned its<br>judgment to an entity known as Selective<br>Advisors Group.<br>On September 4, 2015, Selective filed a satisfaction of<br>judgment with the New York County Clerk.<br>On or about November 16, 2015, defendant–having paid<br>the judgment– sought once again to have it vacated.<br>On December 21, 2015, the Supreme Court entered an order<br>denying this application. No appeal was taken from this | | |

| | | | |
|---|---|---|---|
| | order.<br>On January 29, 2016, defendant filed a notice of removal to have the action transferred to this court.<br>Exhibits documenting the foregoing statements of fact will be found at Docket<br>#1 and Docket #11 of the official docket of this action.<br>The Notice of Removal is a nullity. There was no live action to remove. The New York State Supreme Court entered judgment in this matter some years ago. That judgment has been satisfied. This case is over. A closed case cannot be removed.<br>According to defendant's counsel, who appeared at a conference before this court, defendant believes that the judgment was procured by fraud and so made application to re-open the satisfied judgment. Its motion was denied.<br>Instead of filing an appeal, defendant sent the case here. But this court does not sit as a Court of Appeals over the New York Supreme Court.<br>The clerk of court is directed to return the file in this matter to the County clerk, New York County and to close out the case on the court's docket.<br>Defendant's counsel has 14 days to show cause why he should not be personally sanctioned for wasting the court's time with this utterly frivolous matter". | | |
| Exhibit 26 | Transcript of proceedings in the main case<br>From August 17, 2016:<br>Former Counsel for NLG stated, "So Selective very well may have the ability to stand in the place of NLG with respect to a judgment on the promissory note, but not as to the mortgage." (Tr. 15:19-22, August<br>16, 2016, ECF No. 94, 103, 113 | | |

| | | | |
|---|---|---|---|
| Exhibit 27 | NLG's motion for relief from automatic Stay denied<br>DE 176 Order Denying Stay Relief:<br>'First, NLG is not a scheduled creditor in this case. The Debtor scheduled Selective as its secured creditor, relying on the judicial assignment in the Proceedings Supplementary Order, pursuant to the Scola judgment. NLG was listed solely as a notice party. The claims bar date has passed in this case, and NLG has not filed a claim. NLG indeed had sufficient notice of these proceedings to timely file a claim (both NLG's counsel and Kosachuk himself appeared and questioned the Debtor at The 341 meeting), but apparently chose not to. Because NLG has not been scheduled and did not file a claim against this estate, there is an issue as to whether NLG lacks standing as a "party in interest."  In re E.S. Bankest, L.C.,321B.R.590 (Bankr.S.D.Fla. 2005).' | | |
| Exhibit 28 | Transcript of proceedings in the main case 16-10389 From December 7,2016:<br><br>NLG's Former Counsel Mr. Friedman stated:"I agree that it's somewhat complicated, but what happened was Judge Lopez entered an order judicially assigning a prior judgment on the note". | | |
| Exhibit 29 | Transcript of Proceeding of October 14, 2015, before J. Gordo Case No. 11-42770-CA 02 | | |
| Exhibit 30 | Disturbance Report date 1-17-12 and 07-14-11 from Fisher Island Ferry Terminal and from 6913 Fisher Island Home.<br>Police reports involving Chris Kosachuk and NLG, LLC.<br>Police reports involving NLG's stalking, harassment and violent attack against Elizabeth Hazan from 2008.<br>Fisher Island Security reports involving NLG and Chris Kosachuk | | |
| Exhibit 31 | New York Supreme Court Justice Judge James Order in Eugenia Lorretand Nina Gogitidzev. Chris Kosachuk and NLG, LLC, New York Supreme Court Index No. 103896/04. Decision dated November 7, 2013. | | |

| Exhibit 32 | NLG's Motion to restore NLG's Motion to Vacate Selective Advisors Group, LLC's Judgment against NLG, LLC filed in New York Supreme Court on November 16, 2015 before Judge Hagler.<br><br>New York judge Hagler's Order **Denying** NLG's Motion to Vacate Selective Advisors group, LLC's Judgment against NLG, LLC dated **December 21, 2015 post Gordo ruling.** | | |
|---|---|---|---|
| Exhibit 33 | Florida State Court Case titled Eugenia Lorret and Nina Gogitidze vs. Christopher Kosachuk and NLG, LLC Case No. 07-8365-CA-13 Deposition Transcript April 27, 2010 of Christopher Kosachuk April 27, 2010 in Florida by Florida Attorney Caryn Carvo. | | |
| Exhibit 34 | Pennsylvania Case 2012-0057 Case titled 9197-5904 Quebec Inc. vs. Christopher Kosachuk vs. Christopher Kosachuk and NLG, LLC Deposition Transcript of Christopher Kosachuk dated April 10, 2012. | | |
| Exhibit 35 | Pennsylvania Case titled Eugenia Lorret et al. vs. Christopher Kosachuk et al, Hearing Transcript Testimony of Christopher Kosachuk before Judge Griffith April 12, 2012. | | |
| Exhibit 36 | NLG's Operating Agreement showing NLG, LLC owned 100% by Chris Kosachuk dated November 19, 2002. | | |
| Exhibit 37 | NLG's Amended Operating Agreement showing NLG's 100% Membership Interest owned by Meridian Trust Company dated June 1, 2007. | | |
| Exhibit 38 | New York Case Index 108020/08 titled NLG, LLC vs Elizabeth Hazan Decision entered by New York Supreme Court justice Paul Feinman vacating NLG's Judgment against Elizabeth Hazan Dated July 17, 2009. | | |
| Exhibit 39 | New York Case Index 108020/08 titled NLG, LLC vs Elizabeth Hazan Decision entered by New York Supreme Court Justice Barbara Jaffee Denying NLG's Motion to vacate The Stipulation of Dismissal and Denying NLG's Motion To Set Aside Title Transfers dated August 29, 2013. | | |

| | | | |
|---|---|---|---|
| Exhibit 40 | NLG's Renewed Motion to Strike Sham satisfactions Of NLG's Mortgage Nunc Pro Tunc May 2017 Filed on June 8, 2017 post petition in violation of the Bankruptcy Stay. Case 11-42770-02 in Case titled NLG, LLC vs Elizabeth Hazan. | | |
| Exhibit 41 | NLG's Gift of Equity Letter stating that NLG is giving a Gift Of Equity to Elizabeth Hazan to purchase her Homestead Home located at 6913 Valencia Drive Fisher island FL 33109. NLG's Gift Of Equity Letter is signed by Chris Kosachuk and is dated February 20, 2007. | | |
| Exhibit 42 | Documents showing that NLG and Chris Kosachuk have impersonated Raymond Houle and removed him as a signer of his own business bank account Global Retail Consultants at Bank Of America and represented himself as the Owner of World Of Concepts,  LLC and Global Retail Consultants New York Lawsuit against NLG, LLC. New York Supreme Court Case Index number 116915/09.<br><br>Stipulation of Dismissal Case New York Supreme Court Index 116915/2009. | | |
| Exhibit 43 | Chris Kosachuk's Sworn Affidavit In Opposition to Plaintiff's Motion For Charging Order in Pennsylvania Case Index No. 2012-0057. Chris Kosachuk contradicts his own testimony of April 12, 2012 and states that he just remembered where the owner of NLG, LLC is located in Charlestown Nevis and not British Virgin Island. Chris Kosachuk also states in his sworn affidavit that he does not own any membership interests in NLG, LLC since the past decade June 2007.<br>Chris Kosachuk' Sworn Affidavit is dated May 21, 2012. | | |
| Exhibit 44 | NLG's Motions for Garnishment Gulfstream Park<br><br>_The Village of Gulfstream Park LLC<br><br>_Texas de Brazil (Northbridge)<br><br>Case 2007-19532-CA-11 NLG, LLC vs Elizabeth Hazan<br><br>International Retail Group Invoice For Nightclub Santanera at Gulfstream Park $24,281.70. | | |

| | | | |
|---|---|---|---|
| Exhibit 45 | The Village at Gulfstream, LLC's Motion to Dissolve Writ Of Garnishment in Case NLG, LLC vs Elizabeth Hazan Case No. 07-19532-CA-11. The Village at Gulfstream, LLC's Motion To Dissolve is Dated February 15, 2010. | | |
| Exhibit 46 | Consulting Fees and Registration agreements The Village at Gulfstream Park LLC Consulting Fee and Registration agreement 1801 Gulfstream LLC Greenhouse Consulting fee and Registration agreement Empresas Boutolev, S.A. DE C.V. Corp DBA Santanera Nightclub | | |
| Exhibit 47 | FL Case 07-19532-CA-11 NLG,LLC v. Elizabeth Hazan: The Village of Gulfstream Park LLC's **"Corrected answer"** to the NLG,LLC'S Writ of Garnishment executed by Neil Cawsey dated June 15, 2011 provided by NLG, LLC and his former counsel Chris David as per Neil Cawsey's testimony at his Deposition. | | |
| Exhibit 48 | Order Granting Motion To Adjudicate Lien to the Firm DAVID and JOSEPH, P.L. n/k/a FuerstIttleman David and Joseph, P.L. ("THE FIRM") in the amount of $99,553.33 and $11,144.09 in advances and $11,085.00 in costs incurred and The Court grants the Motion to Adjudicate its Charging Lien against the **$17,285.05** held by THE FIRM. Order entered by FL Judge Eig on May 2, 2013.<br><br>Case 07-19532-CA-11.NLG, LLC vs. Elizabeth Hazan. | | |
| Exhibit 49 | Transcript of The Deposition of Neil Cawsey Case No. 07-19532-CA-11 January 12, 2012 NLG's Garnishment Gulfstream Park Forest City Enterprises. | | |
| Exhibit 50 | Transcript of the Deposition Joseph Boehm, III Case No. 07-19532-CA 11 January 26, 2012 NLG's Garnishment Gulfstream Park Forest City Enterprises. | | |

| | | | |
|---|---|---|---|
| Exhibit 51 | Global Retail Consultants lawsuit against Jon Baskhshi, Barry Mullineaux, Greenhouse in New York Supreme Court Case index 114734/09.<br><br>Stipulation of discontinuance Lawsuit New York against Jon Baskhshi Barry Mullineaux Greenhouse index 114734/09 dated 12/07/2009. | | |
| Exhibit 52 | Defendant NLG's Notice of removal Supreme Court of the State of New York County of New York Case Index # 101875-2012 with the United States District Court of New York Southern District Court Southern of New York Manhattan January 29, 2016. (**post petition**)<br><br>Exhibit A 9197-5904 Quebec inc V. NLG, LLC Judgment entered on February 2012.<br><br>Exhibit B. Liza Hazan Chapter 11 Petition of Voluntary Bankruptcy . | | |
| Exhibit 53 | Christopher Kosachuk's Deposition Transcript in May 13,  2014 in Lawsuit Titled NLG, LLC vs. Darius Marzec, Marezc Law Firm, Donatelli, Lamb Mcerland, P.C. and 9197-5904 Quebec, Inc in Pennsylvania Testimony Case August Term, 2012 No. 2514. | | |
| Exhibit 54 | New York Supreme Justice Court Judge Hagler Transcript July 2014 Denying NLG's Oral Request of Stay of Execution Stating on the record that Plaintiff Selective Advisors Group can execute all they want on their judgment against NLG, LLC. Case Index No. 101875/12 Titled 9197-5904 Quebec  Inc  Vs. NLG, LLC. | | |
| Exhibit 55 | FL Judge Scola Vacating The NLG's Sheriff's Deed and Sheriff's Sale and Calling Chris Kosachuk "**unconscionable**".<br><br>Case 07-19532-CA-11<br><br>Decision entered on December 18, 2008.` | | |

| Exhibit 56 | FL Case Selective Advisors Group, LLC vs. NLG, LLC. Case No.14-10475 CA (10). Judge Lopez Ordering NLG, LLC to post a bond in Order to Stay The Execution of The Selective Advisors Group, LLC Judgment against NLG, LLC. | | |
|---|---|---|---|
| Exhibit 57 | FL Case Selective Advisors Group, LLC vs. NLG, LLC. Case No.14-10475 CA (10). Judge Lopez Order that Plaintiff Selective Advisors Group, LLC has All Rights To execute on their judgment against Defendant NLG, LLC.  Order dated June 16, 2014. | | |
| Exhibit 58 | HUD-Closing Statement Elizabeth Hazan's Fisher Island Home located at 6913 Valencia Drive Miami FL 33109. Dated March 07, 2007 showing NLG's Gift Of Equity in the amount of $1,275,000. | | |
| Exhibit 59 | Case 07-19532-CA-11.NLG, LLC vs. Elizabeth Hazan. Docket. | | |
| Exhibit 60 | NLG's false Judgment liens certificates recorded in 2013, 2014 with the State Of Tallahassee. NLG's recorded Lien on April 2008 on May 27, 2008.<br>J08900007653 AT 11% INTEREST PER ANNUM.<br>J13001162651 AT 24% INTEREST PER ANNUM AMOUNT AS OF JULY 1, 2013 $3,749,569.51<br>J14000883396 INTEREST PER ANNUM 24% AS OF AUGUST 19, 2014 | | |
| Exhibit 61 | Involuntary Bankruptcy Case Oxana Agapov vs NLG, LLC and Christopher Kosachuk.<br>Petition filed by Oxana Agapov on July 25, 2005. Case 1:05-cv-22007-PAS | | |
| Exhibit 62 | Orders granting sanctions against NLG and Chris Kosachuk and Writs of Bodily attachments against Chris Kosachuk by FL Judges Echarte, Trawickin Case Florida State Court Case titled Eugenia Lorret and Nina Gogitidze vs. Christopher Kosachuk and NLG, LLC Case No. 07-8365-CA-13.<br><br>Judge Lopez's Order Granting Plaintiff's Selective Advisors Group, LLC's Motion for Writ Of Bodily Attachmentagainst NLG, LLC and Chris KosachukIn Case Judge Lopez Selective  Advisors Group, LLC vs NLG, LLC.<br><br>**Report** of Special Magistrate in Case Florida State Court Case titled Eugenia Lorret and Nina Gogitidze vs. Christopher Kosachuk and NLG, LLC Case No. 07-8365-CA-13. | | |

| Exhibit 63 | NLG, LLC's New York petition in New York Supreme Court against Elizabeth Hazan, Raymond Houle, Real Estate Holdings Group, L.D.C. Index 101288/13 and Case index 150630/14<br><br>Dismissal Orders entered by New York Supreme Court Justice Judge Jaffee for fraudulent transfers in Case index 150630/14. | | |
|---|---|---|---|
| Exhibit 64 | Stipulation of dismissal of New York case index # 101288/2013 Selective Advisors Group, LLC vs Elizabeth Hazan replacing caption NLG, LLC vs Elizabeth Hazan in Case index 150630/14. | | |
| Exhibit 65 | New york daily news, Entertainment Tonight<br>Articles containing Kosachuk/NLG's slander and defamation of the character of Elizabeth Hazan. | | |
| Exhibit 66 | New York Case Index 108020/08 titled NLG, LLC vs Elizabeth Hazan's Motion for Sanctions and Decision entered by New York Supreme Court justice Paul Feinman Granting Sanctions against Chris Kosachuk in favor of Hazan. | | |
| Exhibit 67 | Liza Hazan Personal Income **$900,000** years **2008-2009.**<br><br>Liza Hazan's income earned with Real estate developer Forest City **$1,039,090.78 Spreadsheet.**<br><br>Liza Hazan's Personal Income 2008 Details with Attached Exhibits, Consulting Agreements, Buyout Agreements, invoices,<br><br>Liza Hazan's Personal Income 2009 Details with attached Exhibits Consulting Agreements, Buyout Agreements, Invoices. | | |

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that we are admitted to the Bar of the United States District Court for the Southern District of Florida, and are in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served all parties of interest as specified on the attached service list on this 7[th]day of July 2017.

Respectfully submitted,

**LAW OFFICES OF DAVID W. LANGLEY**

8551 W. Sunrise Blvd.

Suite 303

Fort Lauderdale, FL 33322

Telephone No. 954-356-0450

Fax No. 954-356-0451

Email: dave@flalawyer.com


By: */s/ David W. Langley*

DAVID W. LANGLEY

Florida Bar No. 348279

**MARSHALL SOCARRAS GRANT, P.L.**

197 South Federal Highway

Suite 200

Boca Raton, FL  33432

Telephone No. 561.361.1000

Facsimile No. 561.672.7581

Email:  jgrant@msglaw.com


By: */s/ Joe M. Grant* _____

JOE M. GRANT

Florida Bar No. 137758

ADAM D. MARSHALL

Florida Bar No. 579823


## SERVICE LIST

*16-10389-AJC Notice will be electronically mailed to:*

Astrid Gabbe on behalf of Defendant/Counter-Claimant NLG, LLC;astridgabbe@gmail.com

Juan Ramirez, Jr., Esquire on behalf of NLG, LLC; jr@adrmiami.com

**16-01439-AJC Notice will not be electronically mailed to:**

Chris Kosachuk

c/o NLG

854 Pheasant Run Rd

West Chester, PA 19382